ABRAHAM J. MATAS, Plaintiff, v. HAROLD N. GREEN, DAVID B. SAPP and JACK H. TOPKIS, Defendants.

(*June* 7, 1961.)

DUFFY, J., sitting.

*H. Newton White* for plaintiff.

*Harold Shaffer* (of Keil, Shaffer and Keil) for defendant, Sapp.

*Norman N. Aerenson* for defendants, Green and Topkis.

Superior Court for New Castle County, No. 143, Civil Action, 1959.

DUFFY, J.:

This is an action for a broker's commission. Plaintiff, Abraham J. Matas ("Matas"), alleges that: defendants authorized him to procure a buyer for land owned by them and that he had similar authority from William Webb ("Webb"), owner of a contiguous parcel; that he produced Food Fair Stores, Inc., ("Food Fair") which was an able, ready and

willing buyer for both parcels at a price of $115,000 of which $65,000 was for the land owned by defendants and $50,000 was for the land owned by Webb; that together, but not separately, the parcels were large enough for Food Fair's purposes; that after defendants accepted Food Fair's offer, they sold their land to American Stores Company ("American Stores") for $66,000.

Plaintiff asks for a broker's commission (6%) on the $115,000 or, alternatively, on $65,000.

Defendants Green and Topkis answered, generally denying plaintiff's allegations. Defendant Sapp answered separately, generally denying plaintiff's allegations and asserting a cross claim against the other defendants for any sum judged to be due from him to plaintiff.

The depositions of Matas and Webb were taken and defendant Green filed an affidavit. All defendants moved for summary judgment and, at argument, plaintiff, without objection, also moved for summary judgment.

The Court is obliged to grant a motion for summary judgment if the pleadings, depositions and affidavits show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56 (c), *Del. C. Ann.* The moving party must show that, on unquestioned facts, he is entitled to a judgment as a matter of law. *McKeough v. Witman, Super. Ct.* 1956, 11 *Terry* 230, 127 *A.* 2d 234. When defendant is the moving party, the facts are taken in the light most favorable to plaintiff. *Wilkes v. Melice, Super. Ct.* 1953, 9 *Terry* 206, 100 *A.* 2d 742; *Engle v. Poland, Super. Ct.* 1952, 8 *Terry* 365, 91 *A.* 2d 326. And, conversely, when plaintiff is the moving party, the facts are taken in the light most favorable to defendant. *Nationwide Mutual Insurance Company v. Mast, Del. Super. Ct.* 1959, 153 *A.* 2d 893.

■ Matas was one of several brokers authorized to offer defendants' property. His right to compensation thus turns on whether or not he produced a purchaser able, ready and willing to buy defendants' property on terms satisfactory to them before they contracted to sell to American Stores. *Slaughter v. Stafford, Super. Ct.* 1958, 1 *Storey* 168, 141 *A.* 2d 141.

It seems to be conceded by plaintiff that Food Fair's offer to buy defendants' property was contingent upon its opportunity to buy Webb's property at the same time. Defendants contend that on August 15, 1958, when they contracted to sell to American Stores, Webb had not "obligated himself" nor "manifested his assent to sell to Food Fair". In support of this, defendants point out that Webb twice testified in his deposition that on August 15, 1958, he left Food Fair officials, saying that he wanted to wait until Monday (August 18, 1958) before giving them a definite answer.

But there are other parts of Webb's deposition which put his parting from the Food Fair people in a different perspective. Webb testified, for example, that there had been a "meeting of minds", that he left feeling obligated to go through with a contract to sell his land to Food Fair. As to details, the sales price was agreed upon as were the rental and the period of the lease which Webb wanted to get from Food Fair as part of a larger transaction in which he was interested. The width of the building he was to lease was the only matter Webb wanted to consider beyond August 15, and as to this, he testified, in effect, that he was prepared to accept the minimum fixed by Food Fair.

■ Matas was present at the meeting between Webb and the Food Fair officials. He met with Green after that meeting and before defendants signed their agreement with American Stores. While the record is not clear on the point, it seems implicit that Matas reported to Green on the meeting he had just completed with Webb and the Food Fair officials.

Production of an offer signed by Food Fair was not essential. Mechem, *Outlines of the Law of Agency*, 4th Ed. § 563.

I conclude that defendants' motion for summary judgment must be denied. Taking the depositions and the entire record now before the Court in the light most favorable to plaintiff, I cannot say that on unquestioned facts defendants are entitled to a judgment as a matter of law.

Looking at the record from the other end of the telescope I must, upon the same reasoning, deny plaintiff's motion for summary judgment. This makes it unnecessary to consider plaintiff's contention that defendant Green accepted Food Fair's offer on August 18, 1958.

Order on notice.