195 A.2d 388 (1963)
Julian T. JONES, Plaintiff Below, Appellant,
v.
A. A. JULIAN and Pauline DePolo and Albert J. DePolo, her husband, Defendants Below, Appellees.
Supreme Court of Delaware.
October 21, 1963.
Donald W. Booker and Alfred J. Lindh, Wilmington, for appellant.
Samuel R. Russell, of Herrmann, Bayard, Brill & Russell, Wilmington, for appellees.
TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.
CAREY, Justice.
Appellant filed a Mechanic's Lien proceeding in Superior Court on December *389 20, 1961. The statement of claim was verified by the oath of the appellant, as required by the statute. It showed that the appellant was a sub-contractor employed by appellee Julian, the general contractor, to furnish labor and materials for certain paving work on property owned by the appellees DePolo. The statement alleged that the furnishing of the labor and materials commenced on July 1, 1960 and was completed on September 23, 1961.
The answer alleged that the work was completed no later than June 8, 1960 and that the action had therefore not been instituted within the ninety-day period permitted by T. 25 Del.C. § 2711(a). The answer also alleged that the work was improperly done, and included a counterclaim for the cost of employing someone else to make it good. The answer also included a motion to dismiss. Thereafter, an affidavit was filed by appellee Julian repeating generally, and elaborating somewhat upon, the allegations of the answer. Appellees filed interrogatories which were duly answered under oath by the appellant.
The motion to dismiss was treated by the Court below as a motion for summary judgment because it was necessary to consider the sworn statements in the record. The Court granted summary judgment in favor of the appellees, holding that the undisputed evidence properly in the record showed that the work was completed by June 6, 1960, but that it was unsatisfactory; that efforts were made to put the job in satisfactory condition but it was never accepted by the appellees. The Court also held that the record does not show that the work done by appellant was for the "erection, alteration or repair of any structure" but was for "improvements to the land alone". It then held that the statement of claim was defective because is contained no allegation that there was a contract in writing signed by the owners, as is required by T. 25 Del.C. § 2703 when the work done is for improvements to the land alone.
Summary judgment, of course, cannot be granted when there is a dispute of material fact. In determining whether there is such dispute, the Court must consider all evidence in the record which meets the standards of Superior Court Rule 56(e), Del.C.Ann. Certainly sworn answers to interrogatories cannot be disregarded if they are made on personal knowledge. Likewise, there is no reason to ignore statements of fact in a complaint duly verified on personal knowledge; no purpose would be served by requiring that affiant to file an additional affidavit repeating the same statements.
In the present case, the opinion of the lower Court makes no reference to appellant's answers to interrogatories, but instead states that appellant filed nothing in response to the Julian affidavit. We must assume, therefore, that the attention of the argument Judge was not directed to the existence of those answers, which clearly show disputes of material facts. For example, contrary to the Julian affidavit, Jones' answer to interrogatory No. 12, when viewed in the light most favorable to him, states that the work was completed in accordance with the bid and that after he had resurfaced the area the appellees approved the job and gave him a check in payment therefor, although the approval was later withdrawn and payment stopped on the check. Answers to other interrogatories in effect say that the work was completed in a normal, usual way, and that appellee's dissatisfaction with the job was unreasonable.
The appellees contend that, for purposes of determining the last date on which a mechanic's lien action could be filed, the record requires a finding that the work was completed by June 8, 1960, the date on which appellant first finished the paving work. The verified complaint says that the last date for furnishing labor and material was September 23, 1961; Jones' answers to interrogatories repeat that allegation and aver that after June 1960 *390 he or his workmen frequently returned to the property and did various things to try to satisfy the owners until he finally completely resurfaced the area on September 23, 1961. He states that all work done after June 1960 was in response to complaints by the appellees and on their demand.
This dispute concerning the date of completion for lien purposes cannot be resolved summarily on the present record. There are several possible conclusions of fact which could be drawn by a jury. It would be a lengthy task to state the law applicable to each and all of the possible findings. At this stage of the case, the appellant is entitled to have the Court view the record in the light most favorable to him. Matas v. Green, 3 Storey 473, 53 Del. 473, 171 A.2d 916. A jury could find in this case that, although the contract was substantially finished in 1960, the appellant in good faith did further work which was necessary for the proper performance of his contract; that he made bona fide efforts to meet the requirements of his agreement from time to time up to November 23, 1961; that these efforts were at the demand of the appellees; that they were not merely for the purpose of extending the lien, nor as a gratuity, but in the effort to live up to his agreement; that, after the resurfacing in November 1961, appellees approved the job as satisfactory, and their subsequent withdrawal of that approval was unjustified. A finding of these facts would justify a verdict in appellant's favor, including a holding that the lien was filed within the statutory time limit. 57 C.J.S. Mechanics' Liens § 149, p. 670; 36 Am.Jur. 99. Present needs do not require us to go further.
With reference to the ruling made below that the job done by the appellant was improvement to the land alone,[*] the verified complaint read in conjunction with exhibits attached to the Julian affidavit shows that the work done by Jones was paving around a motel, and that Julian was the general contractor to provide the labor and materials for the construction of the improvements. In a similar situation, the Superior Court has ruled, in a memorandum opinion, that the construction of a driveway as a component part of a motel is not an improvement to the land alone. Whittington v. Clay's Motels, Inc., #24 C.A.1956 (New Castle County). When read in the light most favorable to plaintiff, the record here shows the same situation. We are of the opinion that the ruling in Whittington case is correct and is applicable to the present case. For this reason, there was no need to plead a written contract under § 2703.
The decision of the Court below must be reversed and the case remanded for further proceedings.
NOTES
[*] This defense was not pleaded or argued below, but was decided by the Court sua sponte, we are told.