**CERITANO BRICKWORK, INC., a corporation of the Commonwealth of Pennsylvania, Plaintiff Below, Appellant,**

**v.**

**KIRKWOOD INDUSTRIES, INC., a corporation of the State of Delaware, Defendant Below, Appellee.**

Supreme Court of Delaware.

March 18, 1971.

————◆————

Jay H. Conner, Wilmington, for appellant.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the grant of summary judgment and the denial of the claimant's motion to amend the complaint in a mechanic's lien action.

Appellant filed a complaint alleging that it furnished labor and materials for the construction of an apartment complex known as Town Court Apartments in the City of Newark. Appellee answered, setting up six affirmative defenses, three of which formed the basis upon which summary judgment was granted. Following the filing of the answer, appellant moved to amend its complaint.

The three affirmative defenses which formed the basis for the entry of summary judgment are (1) that the complaint contained an erroneous description of the location of the structure or structures on which the labor was performed and the materials were supplied; (2) that the bill of particulars attached to the complaint was insufficient in that it did not designate the amount claimed on each of five apartment structures in the complex, and (3) that the bill of particulars and the statement of claim did not indicate the dates when the materials and labor were furnished as to each of the five apartment buildings.

The circumstances concerning the first affirmative defense are that the appellee was simultaneously developing two sections of the apartment complex—one located within the City of Newark and the second adjacent thereto but lying outside of the City of Newark. In the complaint the property concerned, accurately described by metes and bounds, was Section 1 of the development which lay within the boundaries of the City of Newark. Actually, the appellant had furnished no materials nor performed any labor on any building in Section 1. It had in fact performed its services and supplied materials to the buildings in Section 2. Appellant thereupon sought to amend its complaint to correct the description and accurately describe Section 2 where the labor and materials were actually performed and furnished. The motion to amend the complaint was filed subsequent to the expiration date for the filing of a complaint for a mechanic's lien.

A mechanic's lien proceeding is entirely statutory in origin and has been repeatedly held to be in derogation of the common law which requires that the mechanic's lien statute be strictly construed and pursued. The validity of such a lien depends upon an affirmative showing that every essential statutory step in the creation of the lien has been duly followed. Heitz v. Sayers, 1 W.W.Harr. 221, 31 Del. 221, 113 A. 901.

Since the statutory requirements for the obtaining of a mechanic's lien are positive and substantial in character, it follows that a statement of claim failing to meet the requirements of the statute is totally insufficient to warrant the entry of a lien. This was specifically held in Hollingsworth Co. v. Continental-Diamond Fibre Co. et al., 6 W.W.Harr. 303, 36 Del. 303, 175 A. 266, in which a motion to amend an insufficient claim after the expiration date for the filing of a mechanic's

lien was denied on the ground that to do so would be "to breathe life into that which has no existence". The courts of this State have consistently followed this rule. The *Hollingsworth* case, supra; Greenhouse v. Duncan Village Corp., 5 Storey 102, 55 Del. 102, 184 A.2d 479; Harrogate Construction Co. v. Joseph Haas Co., 250 A.2d 376 (Del.Super.1969). The rule is, of course, confined to motions to amend a statement of claim after the expiration of the time for filing a claim for mechanic's lien which seeks to make fundamental changes in the basic nature of the claim asserted. We think we may not depart from this long-standing rule.

It is of course true that in Westinghouse Elec. Supply Co. v. Franklin Institute of Pa., 2 Terry 319, 41 Del. 319, 21 A.2d 204, a claimant was permitted to amend the caption of his mechanic's lien action by adding the general contractor as a party defendant, but the general contractor was designated in the body of the complaint although not included in the caption of the cause; in Deluca v. Martelli, 200 A.2d 825 (Del.Super.1964), an amendment to a bill of particulars was permitted; and in Miller v. Master Home Builders, Inc., 239 A.2d 696 (Del.Super.1968), an amendment was permitted to an affidavit of defense. Nevertheless, all of those cases recognize the rule that a statement of complaint may not be amended after the passage of the time for the filing of an original complaint to change the substantive nature of the cause of action asserted.

The reason for the inflexible rule against amending a statement of claim for the institution of a mechanic's lien after the period provided by the statute for the filing of such a claim is that a change in the substance asserted in the original complaint is the filing of a new action which may not be permitted under the statute. We do not feel at liberty at this late date to change the rule which has been consistently followed in this State as far as we know since the original passage of the act authorizing the filing of claims for me-

chanics' liens. It follows, therefore, that the complaint filed in the case at bar was fatally defective and is inoperable to obtain a mechanic's lien.

We therefore hold that the trial court was correct in refusing at a late date to permit the amendment of the complaint in this action in order to assert a legitimate and complete claim for the obtaining of a mechanic's lien against the appellee's property.

This ruling makes it unnecessary for us to consider the two remaining points raised by the appellant in this appeal.

The judgment below is affirmed.