PIONEER NATIONAL TITLE INSURANCE COMPANY, a California corporation, Intervenor below, Appellant,

v.

EXTEN ASSOCIATES, INC., a Maryland corporation, Defendant below, Appellant,

v.

KOPPERS COMPANY, INC., a Delaware corporation, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted April 17, 1979.

Decided May 18, 1979.

George F. Gardner, III, of Biondi & Babiarz, Dover, for intervenor below, appellant.

John E. Messick, of Tunnell & Raysor, Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

The sole issue in this appeal is whether a bulkhead is a "structure", under 25 *Del.C.*

§ 2702(a), and as defined in 25 *Del.C.* § 2701(2), entitling plaintiff to a mechanics' lien on property owned by defendant and insured by intervenor.[1] Defendant and intervenor contend the Superior Court erred in granting summary judgment to plaintiff and argue that 25 *Del.C.* § 2702(b) is the applicable provision requiring a written contract for improvement to land alone under 25 *Del.C.* § 2703 for a lien to attach.[2] We agree and reverse.

### I

The material facts are not disputed. Plaintiff, without requiring a written contract, furnished creosoted lumber to defendant to be used in the erection of bulkheading along certain lots fronting on a forty foot lagoon at Swann Keys Mobile Home Park near Selbyville, Delaware. The bulkhead was erected on the perimeter of the lots as a retaining wall, to prevent the bank from eroding into the water of the lagoon. Pilings for the bulkhead were driven into the ground, bolted and faced with the tongued and grooved creosoted lumber, to maintain perpendicular stability between the bank and lagoon.

Plaintiff filed a petition for a mechanic's lien and was granted summary judgment by the Superior Court on the ground that a "bulkhead" is a "structure" within the meaning of 25 *Del.C.* § 2701(2) and the ambit of 25 *Del.C.* § 2702(a).

### II

As stated in the opinion of the Superior Court:

"Crucial to an understanding of the coverage of § 2702(a) is a construction of the term 'structure'. 25 *Del.C.* § 2701(2) defines structure as follows: " 'Structure' includes a building or house. [T]his definition leaves much to be desired. . . ."

In arriving at our understanding of the term we find the historical background of our mechanic's lien law helpful. The first Act of the General Assembly was passed at Dover March 7, 1861. 12 Del.Laws, c. 117. The provisions of that Act read in their pertinent parts as follows:

"Section 1. It shall and may be lawful for any person or persons having performed or furnished work and labor or material, or both, to an amount not[3] exceeding twenty-five dollars in or for the erection, alteration, or repair of any house, building, or structure, in pursuance of any contract, express or implied with the owners of such house, building or structure, . . . to obtain a lien upon such building, house or structure, and upon the ground upon which the same may be situated or erected, . . . ."

---

1. 25 *Del.C.* § 2702(a) provides:

   "It shall be lawful for any person having performed or furnished labor or material, or both, to an amount exceeding $25 in or for the erection, alteration or repair of any structure, in pursuance of any contract, express or implied, with the owners of such structure or with the agent of such owner or with any contractor who has contracted for the erection, alteration or repair of the same and for the furnishing of the whole or any part of the materials therefor, including any person who has performed or furnished labor or material, or both, for or at such structure under a contract with or order from any subcontractor to obtain a lien upon such structure and upon the ground upon which the same may be situated or erected."

   25 *Del.C.* § 2701(2) provides:

   " 'Structure' includes a building or house."

2. 25 *Del.C.* § 2702(b) provides:

   "Liens may also be obtained in connection with: Labor performed and materials furnished in plumbing, gas fitting, paper hanging, paving, placing iron works and machinery of every kind in mills and factories, bridge building, the erection, construction and filling in of wharves, piers and docks and all improvements to land by drainage, dredging, filling in, irrigating and erecting banks and the services rendered and labor performed and materials furnished by architects."

   25 *Del.C.* § 2703 provides:

   "No lien shall attach in case the improvements are to the land alone, unless a contract in writing, signed by the owner or owners thereof, setting forth the names of all parties to the contract and containing a description by the metes and bounds of the land to be affected and by a statement of the general character of the work to be done, and of the total amount to be paid thereunder, and the amounts of the partial payments, together with the time when such payments shall be due and payable."

3. "so in enrolled copy" (later amended to strike word "not").

\* \* \* \* \* \*

"Section 4. The provisions of this Act are hereby declared to extend to work and labor performed and furnished, or materials furnished in plumbing, gas-fitting, paper-hanging, paving, wharf building, and to iron works and machinery of every kind in milk and factories, and to bridges, . . . ."

The quoted provisions of Sections 1 and 4 remain substantially the same today[4] except that section 4 was amended by Act of the General Assembly dated April 25, 1917. 29 *Del.Laws,* c. 226. The pertinent language of the amendment further extended obtainable mechanic's liens to:

" . . . all improvements to land by drainage, dredging, filling in, irrigating, and erecting banks; . . . and in the case of the erection, construction and filling in of wharves, piers and docks and improvements to land as aforesaid, the liens shall extend to the lots or lands in front of which said improvements are made; provided, however, that no lien shall attach in case the improvements be to the land alone, unless a contract in writing, . . . ."

When the mechanic's lien laws were codified in the 1953 Delaware Code Annotated, Section 1 became 25 *Del.C.* § 2702(a) and Section 4 became 25 *Del.C.* § 2702(b), with the written contract requirement of Section 4 placed separately into 25 *Del.C.* § 2703. Significantly, the codifiers added definitional section 25 *Del.C.* § 2701 and struck from all provisions of the Chapter containing the mechanic's lien laws, where it appeared, the term "house, building, or structure" substituting only the term "structure". Following § 2701 is the explanatory "Revision Note" inserted by the Revised Code Commission:

"Section (§ 2701) was inserted to eliminate the necessity for using the complete terms 'house, building, or structure' and 'work and labor' throughout this Chapter. Such terms were used in the various provisions from which this chapter was derived."

Since the term "house, building, or structure" is now simply "structure", we must give it the limited definitional meaning intended by the codifiers as it appears in the mechanic's lien laws, not the broad dictionary meaning given by the Superior Court in granting summary judgment to plaintiff. In normal day to day usage, structure is one of the broadest words in the English language, but here, under the statutory rule of strict construction we must apply it as it appears in the context of our mechanics' lien laws.

As stated in *McCartney, Kenny & Co. v. Lewis P. Buck & Co.,* Del.Super., 12 A. 717 (1887), an action for mechanics' lien for materials used during building construction in the curtains and draperies around boxes at the Academy of Music in Wilmington:

"We are therefore not to stretch the act beyond the limit fixed by it. While this is a true rule, yet, in the interpretation of all statutes not penal, some liberty is allowed by rules of construction, where it appears to a court that no violence will be done to the plain meaning of the words used, and the court is constrained to believe that such liberty can be taken within the evident contemplation of the framers of the law. Accordingly in a case, (*France v. Woolston,* 4 Houst. 557,) where glazing and painting were sought to be brought within the scope of the act, the court allowed it to be done. The building would not [be] habitable without the glazing, nor the wood protected from decay without painting.

* * * * * *

"It would be apparently a usurpation of the functions of the legislature, looking toward what they felt called upon to do, to enlarge the scope of the act . . . to say that the things claimed here (upholstery) are materials also of like nature, or quality of service etc. We therefore say to you that the law does not cover or include them." (Counsel for respondent stipulated that they may be included for purposes of the pending litigation.) 12 A., at 719–720.

---

4. *See* notes p. 2, *supra.*

286

In *Girdler Corp. v. Del. Comp. Gas Co.,* Del.Super., 183 A. 480 (1936) it was held that claimant was not entitled to a mechanics' lien for furnishing information enabling a subcontractor to erect a plant for the manufacture of liquid and solid carbon dioxide, the structured plant being installed in a building in existence but not in such a fashion as to cause it to lose its identity as personal property.

In *Jones v. Julian,* Del.Sup., 195 A.2d 388 (1963) it was held that the mechanics' lien law extended to paving work done by a subcontractor around a motel then under construction because the paving was a component part of construction rather than an improvement to land alone, thus being enforceable under 25 *Del.C.* § 2701, not requiring a written contract under 25 *Del.C.* § 2703 as improvements to the land alone.

On the other hand in *Whittington v. Segal,* Del.Super, 193 A.2d 534 (1963) it was held, and not appealed to this Court, that the paving of a driveway, not a part of construction of the building erected on the premises, was not lienable absent a written contract as improvement to land alone under § 2703.

 It appears from the foregoing that the term 'structure' has been strictly interpreted to include only houses and other buildings permanently situated or erected upon the land, and the lien obtainable upon the structure and ground may be extended, but limited to, labor and materials furnished in connection with those items specifically set forth in 25 *Del.C.* § 2702(b), as being necessary to or a component part of the house or building. The lien obtainable on the 'structure', and for labor and materials furnished in connection with those items set forth in § 2702(b), extends to such quantity of land as naturally and properly is appurtenant to and used with the building. "If a town lot, then the town lot is recognized as the ground upon which the building is situated or erected; if a farm, then the building erected on the farm is for the use of and appurtenant to the farm, and the farm, as a whole is the ground upon which the building is situated or erected." *In re Long,* Del.Super., 86 A. 104 (1913).

On the other hand, in the case of the erection, construction and filling in of wharves, piers and docks which are not a component part of the 'structure', and to improvements to land by drainage, dredging, filling in, irrigating, and erecting banks, the lien obtainable extends by the terms of the statute to the lot or lands in front of which such improvements are made. This is so because those improvements may be made before, after or during construction of the 'structure' for which the land is to be used primarily.

 Turning to the bulkheading here involved, the plain meaning within the contemplation of the legislature of "improvements to land by . . . erecting banks" includes bulkheading, requiring proof of a written contract for a mechanics' lien to be obtainable. We so hold.

REVERSED and REMANDED.