**In the Matter of DISTANT HORIZON DREAM, INC., Debtor.**

**In re David H. DEIBLER and Carrie J. Deibler, Debtors.**

**Bankruptcy Nos. 87–65, 87–70.**

United States Bankruptcy Court,
D. Delaware.

Dec. 27, 1989.

Norman L. Pernick, Wilmington, Del., for debtors.

Karl Haller, Georgetown, Del., for Ocean City Bulkheading, Inc. and David Dekowski, t/a Ocean Services.

*MEMORANDUM OPINION*
*AND ORDER*

HELEN S. BALICK, Bankruptcy Judge.

Distant Horizon Dream, Inc. and David H. and Carrie J. Deibler objected to the amount claimed as due in proofs of claim Ocean City Bulkheading Inc. and David Dekowski t/a Ocean Services filed in their respective Chapter 11 cases. The proofs, which are identical, assert an unsecured claim in the amount of $25,600 with interest from May 29, 1986 and 5% attorneys' fees for bulkhead work on land of Distant. Attached to the proofs is a copy of a statement of claim and complaint for mechanic's liens filed in the Delaware Superior Court for Sussex County on September 24, 1986.

*Background*

David Deibler for Rehoboth Marina and Dekowski and Connally for Ocean entered into a written agreement on April 1, 1986 for dock and pier installation at Rehoboth Marina, Bayside, West of Route 1, Dewey Beach. The agreement provided for Ocean to remove pre-existing bulkheading as well as installation of pilings (poles grounded into the bay bed), whalers (horizontal support pieces), and sheathing (wooden planks attached to dock) in exchange for $124,500. The payment schedule shows that the job was divided into three parts: $57,000 for Section A; $26,000 for Section B, and $43,500 for Section C. Accordingly, removal of the old bulkheading; the installation of pilings, whalers, and sheathing would be done sequentially in one section before work began on the next. Payments were to be made at various stages as the work progressed within the respective section.

The agreement also provided that "[a]ny legal fees incurred shall be the responsibility of the purchaser" and, "[t]he purchaser specifically agrees that there shall be an 18% interest charge on all unpaid balances."

Ocean began work on April 14, 1986. In accordance with the payment schedule, Ocean received $2,000 to start the job; $4,000 when the equipment was on site; $3,500 when removal was half finished and $14,500 when removal was finished. Ocean installed the pilings and whalers but halted work on May 29 when Mr. Deibler disputed Ocean's interpretation of the payment schedule.

Ocean filed a mechanics' lien action against Distant and Mr. Deibler on September 24, 1986, seeking a money judgment against Distant and Deibler and a lien on the structure and adjacent land of Distant. An answer was filed October 23, but the matter had not gone to arbitration before Distant and Deibler's bankruptcy filings on February 20 and February 26, 1987, respectively.

Ocean's proofs filed March 30 in Distant and April 29 in Deibler each recite a $25,600 unsecured debt for bulkheading work on land of Distant, and note a mechanics'

lien action filed in Superior Court of Sussex County on September 24, 1986. The proposed plans, confirmed on October 27, classified this claim as unsecured. Thereafter, Distant and Deibler each filed an objection to the amount claimed as due and Ocean's assertion that its mechanics' lien action gave it secured status.

At hearing, Ocean claimed that it is entitled to 18% interest, a one-third contingency fee for its attorney and Superior Court costs for a total of $58,937.17. Distant and Deibler contend that the amount owed Ocean is $11,000 and that it is the debt of Distant.

*Mechanics' Lien Claim*

The initial question, whether Ocean has secured status under 11 U.S.C. § 506, involves Delaware law. In Delaware as well as most states, a mechanics' lien is a statutory lien which is in derogation of common law. *See* 25 *Del.C.* §§ 2701–2736. Its validity depends upon an affirmative showing that every essential statutory step in the creation of the lien has been duly followed. *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.*, 276 A.2d 267 (Del.1971). Here, Ocean asserts a mechanics' lien attached against Distant's land and structures. Section 2702(b), title 25 of the Delaware Code provides that mechanics' liens may be obtained in connection with "the erection, construction and filling in of wharves, piers and docks ..." However, the Delaware Supreme Court in *Pioneer National Title Ins. Co. v. Exten Associates, Inc.*, 403 A.2d 283 (Del.1979) held that a bulkhead is not a "structure" within the meaning of 25 *Del.C.* §§ 2701(2), 2702(a). Consequently, bulkheading work obtains a mechanics' lien only on the lot or lands to which the improvements are made and only if there is a written contract. Although the parties entered into a written contract, it fails to meet the statutory requirements of the mechanics' lien law:

> No lien shall attach in case the improvements are to the land alone, unless a contract in writing, signed by the owner or owners thereof, setting forth the names of all parties to the contract and *containing a description by the metes*

*and bounds of the land to be affected* and by a statement of the general character of the work to be done, and of the total amount to be paid thereunder, and the amounts of the partial payments, together with the time when such payments shall be due and payable. 25 *Del.C.* § 2703 (emphasis added)

The instant contract describes the land: "Rehoboth Marina", "Bayside, West of Route 1" and "Dewey Beach, Delaware". While such a meager description might attach a lien to a structure, it cannot be deemed sufficient to attach a lien to land. *Cf.* 25 *Del.C.* § 2712(b)(7); *Pettinaro Construction Co. v. Rago,* 269 A.2d 250 (Del. Super.1970) (street addresses sufficient to identify premises under § 2712(b)(7) for mechanics' lien of structure).

As a result, no valid mechanics' lien could be obtained based on this contract for Ocean's bulkheading improvements under the applicable Delaware Mechanics' Lien provisions. *See Pioneer National Title Ins. Co. v. Exten Associates,* 403 A.2d 283, 286 (Del.1979); *Whittington v. Segal,* 56 Del. 414, 193 A.2d 534 (1963).

■ Even if Ocean were entitled to a mechanics' lien for the bulkheading work, its lien remained unperfected; therefore, unsecured. The mechanics' lien was not reduced to a judgment before the bankruptcy filings. *See* 11 U.S.C. § 544; 25 *Del.C.* § 2718(b). Furthermore, Ocean filed proofs of claim in each case indicating that the debt was unsecured with a notation that "[m]echanic's liens action filed in Superior Court in Sussex County, September 24, 1986." Ocean never sought determination of secured status under 11 U.S.C. § 506 before confirmation of both plans on October 27, 1988. On the contrary, Ocean voted for both plans, and filed no objection to either plan before confirmation; thus, it is bound by those plans where it is treated as a Class H general unsecured creditor. There is no reason why Ocean should be treated otherwise. Thus, its claim is a general unsecured claim.

### Amount of Unsecured Claim

The amount of Ocean's claim must be calculated on a *quantum meruit* basis.

Ocean worked for approximately a month and a half on Section A of the Marina. It was paid $24,000 for start-up charges, removal of old bulkhead and to start installation of pilings. The $11,000 payment due when the piling work was completed was not made. Distant does not dispute that amount but does contest the $11,000 payable under the payment schedule when the whaler work was completed. The parties agree no sheathing work was done, so their differing interpretations of the draw schedule is irrelevant.

After installation of the pilings, Distant did not have the funds to pay Ocean but promised it shortly. Ocean relying on the promise went ahead with the whaler work since its equipment was in place and it would be expensive to move off the job and come back later. However, when the $11,000 was not forthcoming, the whaler work almost completed and another $11,000 almost due, Ocean moved off the job. Having substantially completed the whaler phase of the Section A portion of the contract and Distant having failed to comply with the payment terms of the contract, Ocean is entitled to an unsecured claim in the amount of $22,000. Ocean is not entitled to the extra $3,600 claimed for larger pilings based only upon a register tape with no evidence supporting a modification of the original agreement.

### Interest

Ocean is not entitled to interest at the contract rate of 18%. Ocean voted to accept Distant and Deibler's plans. Deibler's confirmed plan does not provide for interest; Distant's plan provides that all Class H claims (general unsecured) as finally allowed shall be entitled to interest at the legal rate as determined under Delaware law. In this instance, the rate is 11.5%. Ocean is bound by the terms of the confirmed plans.

### Attorneys' Fees and Costs

■ Ocean also asks for costs of the mechanics' lien action and for reimbursement of the one-third contingency fee it apparently agreed to pay its attorney upon any recovery. Ocean made no claim for

costs paid in connection with the mechanics' lien action in the proofs of claim it filed in the respective cases and presented no basis for amending its proofs. Delaware law provides for payment of reasonable attorneys' fees not to exceed 5% of principal and interest, 10 *Del.C.* § 3912, to be awarded as a part of any judgment. However, Ocean did not seek relief from stay to prosecute its state court claim; therefore, there was no money judgment which included an award of costs or attorneys' fees. Since there is no judgment to support the attorney fee request and the Bankruptcy Code permits payment of attorneys' fees only in limited situations not applicable here, Ocean's request for fees and costs must be denied.

*Conclusion*

Ocean City Bulkheading, Inc. is the holder of a general unsecured claim of $22,000 plus interest at 11.5% in accordance with the terms of the Distant Horizon Dream confirmed plan. Its claim filed in the Deibler case is duplicative and must be disallowed.