# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

TIFFANY WILLIAMS,                        )
                                         )
              Plaintiff,                 )
                                         )     C.A. No. N16C-01-107 CEB
       v.                                )
                                         )
PROGRESSIVE DIRECT INSURANCE             )
COMPANY, a foreign corporation,          )
                                         )
              Defendant.                 )

Submitted: May 25, 2016
Decided: August 16, 2016

*Upon Consideration of Defendant's
Motion for Summary Judgment.*

**DENIED.**

Joel H. Fredericks, Esquire, WEIK, NITSCHE & DOUGHERTY, Wilmington, Delaware. Attorney for Plaintiff.

Daniel P. Bennett, Esquire, MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP, Wilmington, Delaware. Attorney for Defendant.

**BUTLER, J.**

## FACTS

Plaintiff Tiffany Williams filed this action against Progressive Direct Insurance Company seeking underinsured motorist ("UIM") benefits as a result of a motor vehicle accident that occurred on April 30, 2014. At the time of the accident, the tortfeasor was insured through an insurance policy with GEICO Indemnity Company. GEICO paid the full liability policy limits of $15,000 to Williams. Williams' medical expenses exceeded GEICO's policy limit payment, so she sought payment under her UIM policy with Progressive.

Williams initially obtained insurance from Progressive on June 23, 2011. On December 23, 2013, Progressive issued an insurance card for a 2000 Dodge Neon. On March 15, 2014, Williams removed the 2000 Dodge Neon from her policy and added a 1995 Buick Park Avenue. Progressive sent Williams an amended declarations page reflecting a change in the premium for the insurance for the new vehicle and a new insurance card. At the time of the accident, Williams' policy with Progressive had a UIM policy limit of $15,000 per person/$30,000 per accident.

## PARTIES' CONTENTIONS

Progressive filed a Motion for Summary Judgment, arguing that 18 *Del. C.* § 3902 as originally enacted when she purchased her policy in 2011 controls, and

2

Williams is not entitled to UIM benefits because her policy's UIM coverage limits did not exceed the tortfeasor's policy limits.

Williams argues that 18 *Del. C.* § 3902 as amended controls all new policies issued after January 3, 2014. Williams contends that Progressive issued a new policy for purposes of § 3902 when Williams changed the vehicles covered under the policy on March 15, 2014.

## STANDARD OF REVIEW

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] The moving party has the initial burden of showing that no material issues of fact exist, and when that is met, the burden shifts to the non-moving party to show that a material issue of fact does exist.[2] On a motion for summary judgment, the Court views all facts in a light most favorable to the non-moving party.[3] "When the facts permit a reasonable person to draw only one inference, however, the question becomes one for decision by the Court as a matter of law."[4]

---

[1] Super. Ct. Civ. R. 56.

[2] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

[3] *See Matas v. Green*, 171 A.2d 916, 918 (Del. Super. 1961).

[4] *Elder v. Dover Downs, Inc.*, 2012 WL 2553091, at *2 (Del. Super. Jul. 2, 2012).

## DISCUSSION

The condition precedent to any UIM claim is to show that the tortfeasor was operating an uninsured or underinsured motor vehicle as defined by 18 *Del. C.* § 3902(b)(2). [5] The statute originally defined an underinsured motor vehicle as one where the claimant's UIM coverage limits exceed the tortfeasor's bodily injury liability coverage limits.[6] But on July 3, 2013, the definition was amended to trigger a claim for UIM benefits where the claimant's damages exceed the tortfeasor's bodily injury liability coverage limits, regardless of the amount of the claimant's UIM coverage limit.[7] The amended definition applies to all insurance policies issued or renewed after January 3, 2014.[8]

The necessary question in deciding Progressive's Motion for Summary Judgment in this case is: when did Progressive issue Williams' policy? Under

---

[5] *Dickerson v. Nationwide Mutual Ins. Co.*, 2016 WL 1714304, at *5 (Del. Super. Apr. 25, 2016) (citing *Nationwide Mutual Ins. Co. v. Williams*, 695 A.2d 1124, 1126 (Del. 1997) (internal citation omitted)).

[6] Under the previous definition, an underinsured vehicle was:
> one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the limits provided by the uninsured motorist coverage.

18 *Del. C.* § 3902(b)(2) (1995).

[7] *See* 18 *Del. C.* § 3902(b)(2) (defining an "underinsured vehicle" as one where "the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the damages sustained by the insured.").

[8] 79 Laws 2013, ch. 91 § 2.

4

Delaware law, a new policy is issued when there is a material change in the policy.[9] It is well-settled that changing vehicles included in the coverage of a policy is considered a material change.[10]

Although Williams' policy was originally issued on June 23, 2011, a new policy was issued for purposes of 18 *Del. C.* § 3902 on March 15, 2014, when Williams removed the Dodge Neon from her coverage policy and added the Buick Park Avenue. Progressive apparently recognized this as the issuance of a new policy too, as it mailed Williams a new insurance card and declarations page, along with a notice that Williams was entitled to purchase UM/UIM coverage in an amount equal to her liability coverage, a notice that is required only upon the issuance of a new policy.[11]

Viewing the facts in a light most favorable to Williams, the insurance policy in effect at the time of the accident was issued after January 3, 2014 and therefore the current language of 18 *Del. C.* § 3902(b)(2) applies. Because the current definition requires only that Williams' damages exceed the tortfeasor's liability limit, it is inconsequential that Williams' UIM coverage limit was equal to the

---

[9] *See State Farm Mutual Auto. Ins. Co. v. Arms*, 477 A.2d 1060, 1064-66 (Del. 1984); *Shukitt v. United Services Auto. Ass'n.*, 2003 WL 22048222, at *3 (Del. Super. Aug. 13, 2003).

[10] *See Arms*, 477 A.2d at 1065; *Mason v. United Services Auto. Ass'n.*, 697 A.2d 388, 393 (Del. 1997); *Shukitt*, 2003 WL 22048222, at *3.

[11] *See Arms*, 477 A.2d at 1065 ("It is the change in the basic legal relationships between the parties which connotes a new policy, rather than a renewal, and thus triggers the offer requirement of section 3902(b).").

tortfeasor's liability limit. Williams may proceed with her claim for UIM benefits, and Progressive's Motion for Summary Judgment is **DENIED**.

    **IT IS SO ORDERED**.

                                              Judge Charles E. Butler