IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZILIA AMISIAL and<br>FERANA LEGROS, | : | C.A. No: K16C-04-018 RBY |
| | : | In and For Kent County |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE RAMIREZ LUCAS, ALFAS<br>SPECIALTY INSURANCE<br>CORPORATION, and ALFA VISION<br>INSURANCE CORPORATION, | : | |
| | : | |
| Defendants. | : | |

*Submitted: December 28, 2016*
*Decided: March 1, 2017*

*Upon Consideration of Defendants'*
*Motion for Summary Judgment*
DENIED

**ORDER**

Nicholas H. Rodriguez, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiffs.

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware for Defendants.

Young, J.

## SUMMARY

Jose Ramirez Lucas ("Insured") and Alfa Vision Insurance Corporation ("Insurer") (collectively "Defendants") filed this Motion for Summary Judgment[1] against Mazilia Amisial and Ferana Legros ("Plaintiffs") in an action in which Plaintiffs allege they were injured as a result of Insured's negligence. There is a genuine issue of material fact as to whether 18 *Del. C.* § 3914 tolled the statute of limitations with respect to the Defendants. Hence, Defendants' motion is **DENIED**.

## FACTS AND PROCEDURE

Plaintiffs allege that they were injured on March 9, 2014, when the Insured's vehicle hit their vehicle while it was parked on North Church Avenue in Milford, Delaware.

At the time of the incident, Plaintiffs claim that the Insured was a Delaware resident and that his vehicle was Delaware property. Plaintiffs base this assertion upon a police report, that was approved on March 22, 2014, listing the Insured's address as being in Delaware. Conversely, Defendants assert that the Insured was a resident of Virginia. Further, Defendants allege, the Insured's car was garaged in Virginia and registered in Virginia. Defendants support these assertions with the renewal declarations from the Insured's insurance policy. They support their assertion as to the Insured's vehicle's registration information with the police report that was approved on March 22, 2014.

The Insurer is a foreign corporation, not authorized to sell insurance in

---

[1] Defendants assert that Alfa Vision Insurance Corporation did not insure the Insured. Thus, they did not include this company in this summary judgment motion.

Delaware, with a business address in Tennessee. The parties agree that the Insurer never sent Plaintiff written notice of the statute of limitations.

Plaintiffs filed a Complaint on April 14, 2016. On August 31, 2016, this Court issued a scheduling order setting the date for the close of discovery for March 6, 2018. On December 15, 2016, Defendants filed the instant motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.[2] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding the motion.[3] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact: The burden then shifts to the nonmoving party to show that there are material issues of fact in dispute.[4] The Court views the record in the light most favorable to the nonmoving party.[5] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the

---

[2] *United Vanguard Fund, Inc. v. Takecare, Inc.*, 693 A.2d 1076, 1079 (Del. May 22, 1997).

[3] Del. Super. Ct. Civ. R. 56(c).

[4] *Fauconier v. USAA Cas. Ins. Co.*, 2010 WL 847289, at *2 (Del. Super. Mar. 1, 2010).

[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

circumstances," summary judgment will not be appropriate.[6] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[7]

## DISCUSSION

It is undisputed that the Plaintiffs' claims arose on March 9, 2014; that the Plaintiffs filed their Complaint on April 14, 2016; and that Plaintiffs did not receive any written notice of the statute of limitations from the Insurer. Defendants argue that this Court should grant the instant motion, because Plaintiffs did not file their claim within the time frame of the applicable statute of limitations.[8]

Summary Judgment may be granted only when the record shows that no genuine of issue of material fact exists.[9] Stated from the other side, it cannot be granted when there is a dispute of material fact.[10]

In this case, the fundamental issue of Defendant's residency is stridently in dispute. If Defendant is, as the defense asserts, a Virginia resident with an insurance policy obtained in Virginia through a carrier not authorized to conduct business in

---

[6] *Sztybel v. Walgreen*, 2011 WL 2623930, at *2 (Del. Super. June 29, 2011).

[7] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[8] The parties agree that the applicable statute of limitations is found within 10 *Del. C.* § 8119. It reads "no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of two years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title." 10 *Del. C.* § 8119. Section 8127 does not apply to the instant motion.

[9] *Continental Cas. Co. v. Ocean Accident & Guar. Corp.*, 209 A.2d 743 (Del. 1965).

[10] *Jones v. Julian*, 195 A.2d 388 (Del. 1963)

4

Delaware, in which event any Delaware nexus is merely the happenstance of Defendant's occasion of driving in Delaware, *Ndieng* would seem to relieve Defendant and Defendant's carrier of any responsibility of notification of the applicability of the limitations period.[11] Otherwise, case law would indicate the contrary.

## CONCLUSION

Without resolution of the Defendant's residency, that fundamental issue, now in dispute, Summary Judgment cannot, at this point in the proceedings, be granted.

Therefore, Defendants' Motion is **DENIED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
cc:    Counsel
       Opinion Distribution

---

[11] *Ndieng v. Woodward*, 2012 WL 6915205 (Del. Super. 2012).