# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PEARCE & MORETTO, INC.,     )
    )
       Plaintiff,     )
    )
    )
    )
v.     )  C.A. No. N19L-06-090 WCC
    )
HYETTS CORNER, LLC,     )
    )
       Defendant.     )
    )

Submitted: October 10, 2019
Decided: January 31, 2020

## DEFENDANT'S CORRECTED MOTION TO DISMISS – GRANTED

## MEMORANDUM OPINION

G. Kevin Fasic, Esquire; Offit Kurman, P.A., 1201 N. Orange Street, Suite 10 East, Wilmington, DE 19801. Attorney for Plaintiff.

Richard L. Abbott, Esquire; Abbott Law Firm, 724 Yorklyn Road, Suite 240, Hockessin, DE 19707. Attorney for Defendant.

**CARPENTER, J.**

Before the Court is Defendant Hyetts Corner LLC's ("Defendant" or "Hyetts Corner") Corrected Motion to Dismiss Mechanic's Lien And Building Construction Payments Act Claims. For the reasons set forth in this Opinion, Defendant's Motion is **GRANTED**.

## I.    Factual & Procedural Background

In April of 2013, Pearce & Moretto, Inc. ("Plaintiff" or "P&M") was hired "to perform infrastructure construction services" for two housing developments: Windsor Commons at Hyetts Corner and Windsor South at Hyetts Corner.[1] The name of Windsor South has since been changed to the Enclave at Hyetts Crossing ("the Enclave").[2] On June 26, 2019, Plaintiff filed a Complaint against Hyetts Corner alleging that the Defendant owes a balance of $38,870.00 for services rendered at the Enclave.[3]

The Enclave development consists of 84 lots; 77 of which have been sold or transferred to other developers.[4] Only the remaining seven lots are currently owned by the Defendant.[5] Originally, P&M sought a mechanic's lien on each of the remaining seven lots owned by Hyetts Crossing for the amount of $462.74 per lot.[6] This amount reflects the total balance owed apportioned among all 84 lots. On

---

[1] Compl. ¶ 3.
[2] *Id.*
[3] *Id.* ¶ 4.
[4] *Id.* ¶ 5.
[5] The lots owned by Defendant are identified as Lot 40, Lot 42, Lot 46, Lot 47, Lot 48, Lot 49 and Lot 50. *Id.* ¶¶ 5-6.
[6] *Id.* ¶ 5.

October 10, 2019, Hyetts Corner tendered a check in the amount of $462.74 to discharge the lien against Lot 40.[7] As such, only the liens on the remaining six lots are at issue.

The Plaintiff's Complaint asserts a mechanic's lien claim for each lot, as well as claims for breach of contract, quantum meruit/unjust enrichment, and the alleged violation of the Building Construction Payment Act ("BCPA"). Defendant moved to dismiss Plaintiff's mechanic's lien claims and BCPA claims. This is the Court's decision on Defendant's Corrected Motion to Dismiss.

## II.   Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court "must determine whether the claimant 'may recover under any reasonably conceivable set of circumstances susceptible of proof.'"[8] It must also accept all well-pleaded allegations as true, and draw every reasonable factual inference in favor of the non-moving party.[9] At this preliminary stage, dismissal will be granted only when the claimant would not be entitled to relief under "any set of facts that could be proven to support the claims asserted" in the pleading.[10]

---

[7] *See* Defendant's Petition to Discharge Mechanic's Lien Against Lot 40.
[8] *Sun Life Assurance Co. of Can. v. Wilmington Tr., Nat'l Ass'n*, 2018 WL 3805740, at *1 (Del. Super. Ct. Aug. 9, 2018) (quoting *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).
[9] *Id.*
[10] *See Furnari v. Wallpang, Inc.*, 2014 WL 1678419, at *3–4 (Del. Super. Ct. Apr. 16, 2014) (citing *Clinton v. Enter. Rent–A–Car Co.*, 977 A.2d 892, 895 (Del. 2009)).

3

## III. Discussion

### a. Mechanic's Lien Claims

Hyetts Corner asserts that P&M failed to state a claim for a mechanic's lien because the lots on which they seek liens are "vacant and undeveloped."[11] As such, they claim any lien would need to be based on improvements to the land alone, requiring a contract in conformity with 25 Del. C. § 2703.[12] Defendant further argues that P&M cannot meet the requirements of Section 2703 because (1) the incorrect contract was attached to the Complaint, and (2) "no metes and bounds description" is included in the contract.[13]

In response, P&M asserts that a mechanic's lien can be imposed on the lots because "[t]he lack of any current structure upon the lots is not dispositive."[14] They argue that each lot is classified as a residential address and will likely "have houses erected upon them at some future date."[15] Furthermore, Plaintiff alleges that the services they performed provided benefit to the subdivision as a whole, rather than the land itself.[16] Accordingly, they argue that the liens are in relation to structures

---

[11] Def.'s Corrected Mot. to Dismiss ¶ 6.
[12] *Id.* ¶¶ 8-10.
[13] *Id.* ¶ 10.
[14] Pl.'s Resp. in Opp'n to Def.'s Corrected Mot. to Dismiss ¶ 6.
[15] *Id.*
[16] *Id.* ¶ 9.

and so the Section 2703 requirements for liens based on improvements to land alone are inapplicable.

In order to resolve this issue, the Court must first determine whether the services provided by P&M were to the land alone or whether they were provided in relation to any structure, specifically the future houses that may be built on the vacant lots when Hyetts Corner eventually sells the land. If the services are determined to have been provided to the land alone, then the Court must determine if P&M has satisfied the contract requirements necessary to obtain a lien based solely on improvement to land under Section 2703.

In *Jones v. Julian*, the Delaware Supreme Court determined that the services performed by a subcontractor in "paving around a motel" were not considered improvements to the land alone because the work related to the general contractor's construction of improvements to the motel.[17] In the same year, the Superior Court held in *Whittington v. Segal*[18] "that the paving of a driveway, not a part of construction of the building erected on the premises" was considered an improvement to land alone.[19]

---

[17] *Jones v. Julian*, 195 A.2d 388, 390 (Del. 1963) (indicating contract requirements for mechanic's lien based on improvements to land alone not applicable); *see also Pioneer Nat. Title Ins. Co. v. Exten Assocs., Inc.*, 403 A.2d 283, 286 (Del. 1979).

[18] *Whittington v. Segal*, 193 A.2d 534 (Del. Super. Ct. 1963).

[19] *Pioneer Nat. Title Ins. Co.*, 403 A.2d at 286 (citing *Whittington v. Segal*, 193 A.2d 534 (Del. Super. Ct. 1963)).

In *Earl D. Smith, Inc. v. Carter*, the Superior Court considered a motion to dismiss a mechanic's lien for services provided by a land surveying firm to a subdivision.[20] The Court acknowledged that "[i]t has been held that site work on a parcel can be considered as benefiting individual structures to be constructed," referring to *Jones*.[21] Although the Court did not decide whether these services would be lienable, they dismissed the mechanic's lien on other grounds.[22]

More recently, in *C&J Paving, Inc. v. Hickory Commons, LLC*, the Superior Court determined that a mechanic's lien based on paving and curbing of the streets within a vacant development must be considered an improvement solely to the land because no houses, buildings, or other structures had been built in the development.[23] Despite plaintiff's argument that "as yet unknown structures may be built" in the development, the Court found that "if this is not a case of improvements to land alone, the Court is hard pressed to conceive of a situation that would fall under Section 2703."[24]

While the Court is surprised that the issues raised in the Defendant's Motion have not been previously decided, after a review of the cases cited by the parties, it

---

[20] *Earl D. Smith, Inc. v. Carter*, 1998 WL 283379, at *1 (Del. Super. Ct. Feb. 17, 1998).

[21] *Id.* at *3 (indicating that "in such case the value of the work must be apportioned among the structures") (citing *Jones v. Julian*, 195 A.2d 388 (Del. 1963); *Kershaw Excavating Co. v. City Sys., Inc.*, 581 A.2d 1111 (Del. 1990)).

[22] The claims were dismissed for failure to apportion the cost among the relevant structures. *Earl D. Smith, Inc.*, 1998 WL 283379, at *4 (noting plaintiff did not plead a contract in conformity with §2703 and thus dismissed any additional claims based on improvements to land alone).

[23] *C&J Paving, Inc. v. Hickory Commons, LLC*, 2006 WL 3898268, at *1-2 (Del. Super. Ct. Oct. 6, 2006).

[24] *Id.* at *2.

finds that the work P&M performed must be considered an improvement to land, rather than an improvement to structure. In contrast to the motel project in *Jones*, the services that P&M provided were not connected to any ongoing project to construct structures upon the six lots. Although the Defendant suggests that *Earl D. Smith, Inc.* indicates that the site work P&M performed should be understood as benefitting the future structures that one day may exist on the six lots, the Court believes the decision cannot be based on what may occur in the future, but what was occurring at the time the work was performed. The lots on which P&M seek liens are wholly undeveloped and lack any connection to structures. Therefore, any such liens must be based on improvements to the land alone.

As such, in order to survive the Motion to Dismiss, P&M must satisfy the requirements necessary to obtain a lien based solely on improvement to land under 25 Del. C. § 2703, which provides the following:

> No lien shall attach in case the improvements are to the land alone, unless a contract in writing, signed by the owner or owners thereof, setting forth the names of all parties to the contract and *containing a description by the metes and bounds of the land to be affected* and by a statement of the general character of the work to be done, and of the total amount to be paid thereunder, and the amounts of the partial payments, together with the time when such payments shall be due and payable.[25]

---

[25] 25 Del. C. § 2703 (emphasis added).

Before continuing the Court's analysis, it is important to note that "Delaware courts have consistently held that the mechanic's lien statute must be 'strictly construed and pursued.'"[26] Accordingly, "a statement of claim failing to meet the requirements of the statute is totally insufficient to warrant the entry of a lien"[27] and once the time has expired to file the statement of claim, the Court cannot allow "amendment to the statement of claim for the purpose of curing fatal defects."[28] However, this "rule is, of course, confined to motions to amend a statement of claim after the expiration of the time for filing a claim for mechanic's line [sic] which seeks to make fundamental changes in the basic nature of the claim asserted."[29] Accordingly, the Court has permitted amendments that did not change the substantive nature of the claim.[30]

When P&M filed their Complaint, they identified the Enclave as the property containing the lots on which they seek liens in the body of their Complaint, but they attached the incorrect contract. Instead of the contract for the Enclave, the contract for Windsor Commons was included as Exhibit A. It should be noted, however, that both contracts are executed by the same individuals, Gary Farrar on behalf of the

---

[26] *Builders' Choice, Inc. v. Venzon*, 672 A.2d 1, 2 (Del. 1995) (citing *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.*, 276 A.2d 267, 268 (Del. 1971)).
[27] *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.*, 276 A.2d 267, 268 (Del. 1971).
[28] *E. J. Hollingsworth Co. v. Cont'l-Diamond Fiber Co.*, 175 A. 266, 268 (Del. Super. Ct. 1934).
[29] *Ceritano Brickwork, Inc.*, 276 A.2d at 269.
[30] *Id.* (citing *Westinghouse Elec. Supply Co. v. Franklin Inst. of State of PA*, 21 A.2d 204 (Del. Super. Ct. 1941); *Deluca v. Martelli*, 200 A.2d 825 (Del. Super. Ct. 1964); *Miller v. Master Home Builders, Inc.*, 239 A.2d 696 (Del. Super. Ct. 1968)).

housing developments, and Robert Julian on behalf of the Plaintiff, and that the scope of work described in the contracts is identical, with the exception of one additional duty included for the Enclave.[31] Despite this administrative error, the Enclave is correctly identified as the development containing the lots on which P&M seeks liens throughout the Complaint and Exhibit D to the Complaint correctly identifies the lots, as well as their addresses in the subdivision. The Court believes that an amendment allowing the Plaintiff to substitute the correct contract would not alter the substantive nature of the claim. As such, the Court will allow the Plaintiff to attach the correct contract.

Unfortunately, when the Court views the correct contract, there is no description of the metes and bounds of the land to which the Plaintiff is attempting to attach the mechanic's lien, which is required by Section 2703. In *Matter of Distant Horizon Dream, Inc.*, the Bankruptcy Court of the District of Delaware addressed whether a description of the property not in metes in bounds, but rather as "Rehoboth Marina, Bayside, West of Route 1, Dewey Beach, Delaware" sufficiently described the land on which the contractor provided dock and pier installation.[32] Although street addresses have been found to sufficiently identify property when related to a

---

[31] The scope of work for the Enclave contract includes one additional duty, "Pump Station per plans," but otherwise the contracts' scopes are identical. *See* Def.'s Corrected Mot. to Dismiss, Ex. A.
[32] *Matter of Distant Horizon Dream, Inc.*, 110 B.R. 146, 147 (Bankr. D. Del. 1989).

structure, the Court held that "such a meager description . . . cannot be deemed sufficient to attach a lien to land" under the strict requirements of Section 2703.[33]

In the instant matter, neither the correct contract between the parties nor any of the exhibits attached to the Complaint meet the requirements of Section 2703. The closest description is the NCC parcel number that is referenced in Exhibit D to the Complaint. However, as the mechanic's lien statute must be "strictly construed and pursued"[34] and the contract at issue lacks a "description by the metes and bounds of the land to be affected,"[35] the Plaintiff cannot satisfy Section 2703. Therefore, even though the Court would allow the correct contract to be substituted to the Complaint, it still does not resolve the Plaintiff's statutory compliance issue. Accordingly, the mechanic's lien claims are dismissed.

### b. Building Construction Payment Act Claims

Hyetts Corner contends that Plaintiff's BCPA claims must be dismissed because the statute is inapplicable to the parties. They assert that P&M does not meet the statutory definition of "contractor" because the work performed was unrelated to

---

[33] *Id.*

[34] *Builders' Choice, Inc. v. Venzon,* 672 A.2d 1, 2 (Del. 1995) (citing *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.,* 276 A.2d 267, 268 (Del. 1971)).

[35] 25 Del. C. § 2703.

any building or structure on the lots and, consequently, they cannot bring suit under the BCPA.[36] Pursuant to 6 Del. C. § 3501:

> (2) "Contractor" includes, but is not limited to, an architect, engineer, real estate broker or agent, subcontractor or other person, who enters into any contract with another person to furnish labor and/or materials in connection with the erection, construction, completion, alteration or repair of *any building or for additions to a building*, by such contractor, or for the sale to such other person of any lands and premises, whether owned by such contractor or another, upon which such contractor undertakes to erect, construct, complete, alter or repair *any building or addition to a building* . . . .[37]

In response, P&M claims that the BCPA should apply because their services related to "each of the houses intended to be built" at some point in the future on the lots, making the definition of contractor applicable to the Plaintiff.[38]

In order for the BCPA to apply, the parties must meet the definitions provided in Section 3501.[39] There are two possible ways to meet the definition of a contractor: (1) to furnish labor and/or materials in connection with the erection, construction, completion, alteration or repair of any building or for additions to a building; or (2) for the sale to such other person of any lands and premises upon which such contractor undertakes to erect, construct, complete, alter or repair any building or addition to a building.[40] However, the BCPA "is unambiguous and its plain language

---

[36] Def.'s Corrected Mot. to Dismiss ¶ 14.
[37] 6 Del. C. § 3501(2).
[38] Pl.'s Resp. in Opp'n to Def.'s Corrected Mot. to Dismiss ¶ 14.
[39] *Cont'l Elec. Servs., LLC v. Delaware Hall Condo. Apartments Ass'n*, 2019 WL 339978, at *9 (Del. C. P. Jan. 16, 2019).
[40] 6 Del. C. § 3501(2).

states that the statute only applies to the construction of buildings."[41] The U.S. District Court for the District of Delaware addressed this very issue in *VSI Sales, LLC v. Griffin Sign, Inc.*[42]

> Throughout the Act, the legislature consistently and repeatedly used the same terminology—"the erection, construction, completion, alteration or repair of any building or for the additions to a building" thereby reinforcing the fact that the law only applies to building construction work. Indeed, the very title of Chapter 35 of Title 6—"BUILDING CONSTRUCTION PAYMENTS"—eliminates any doubt concerning the legislative intent behind the Act. Accordingly, the court finds that the Construction Prompt Payment Act only applies to building construction work.[43]

As this Court has already determined that the Plaintiff's services were solely an improvement to land and were unrelated to any building, the BCPA does not apply. Accordingly, Defendant's Motion to Dismiss the BCPA claims is also granted.

## IV. Conclusion

For the foregoing reasons, Defendant's Corrected Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
Judge William C. Carpenter, Jr.

---

[41] *VSI Sales, LLC v. Griffin Sign, Inc.*, 2014 WL 1653271, at *2 (D. Del. Apr. 25, 2014).
[42] *Id.*
[43] *Id.*