BUILDERS' CHOICE, INC., a corporation of the State of Maryland, Plaintiff Below, Appellant,

v.

Mark A. VENZON and Lisa M. Venzon, Defendants Below, Appellees.

No. 195, 1995.

Supreme Court of Delaware.

Submitted: Nov. 7, 1995.
Decided: Dec. 13, 1995.
Rehearing Denied Jan. 4, 1996.

Joseph M. Bernstein, Wilmington, for appellant.

Richard E. Franta, Wilmington, for appellee.

Before WALSH, HOLLAND and HARTNETT, JJ.

HOLLAND, Justice:

This is an appeal from the Superior Court's dismissal of a mechanic's lien action that the plaintiff-appellant, Builders' Choice, Inc. ("Builders' Choice"), filed against the defendant-appellees, Mark A. Venzon and Lisa M. Venzon ("Venzon"), and D. Richardson Builders, Inc. ("Richardson").[1] Richardson had contracted with Venzon to construct a residential dwelling on land owned by Venzon. Builders' Choice sold materials to Richardson that were used in the construction of the dwelling.

Builders' Choice commenced the mechanic's lien action when Richardson failed to pay Builders' Choice for the materials it had purchased. In the affidavit of defense which was filed with their answer, Venzon asserted that Builders' Choice's statement of claim for a mechanic's lien ("complaint") did not comply with the requirements of 25 *Del.C.* § 2712(b)(11) and was not verified in accordance with 25 *Del.C.* § 2712(c). Thereafter, Venzon filed a motion to dismiss the mechanic's lien action on those same two grounds. The Superior Court concluded that both of Venzon's contentions were meritorious. Accordingly, it granted Venzon's motion to dismiss.

Builders' Choice has raised two issues in this appeal. Its first contention is that the Superior Court erred, as a matter of law, by dismissing the complaint for non-compliance with 25 *Del.C.* § 2712(b)(11) because Builders' Choice could not determine, from an examination of the documents on file with the Recorder of Deeds, whether the mortgage encumbering Venzon's property was a construction mortgage. Builders' Choice's second contention is that the Superior Court erred, as a matter of law, by dismissing the complaint for non-compliance with 25 *Del.C.* § 2712(c) because its affidavit of demand was

in "substantial compliance" with the requirements of that statute.

This Court has concluded that the Superior Court's holding with regard to Section 2712(b)(11) was correct and is, therefore, dispositive of this appeal. Consequently, it is unnecessary to address the merits of the second contention presented by Builders' Choice. The judgment of the Superior Court is affirmed for the reasons stated in this opinion. 1995 WL 264593

### Mechanic's Lien
### Delaware's Jurisprudence

A mechanic's lien proceeding is entirely statutory in origin. *Ceritano Brickwork, Inc. v. Kirkwood Industries, Inc.*, Del. Supr., 276 A.2d 267, 268 (1971). Because such actions are in derogation of the common law, Delaware courts have consistently held that the mechanic's lien statute must be "strictly construed and pursued." *Id.* The *ratio decidendi* of those holdings is as follows:

> The right to "obtain a lien" is subject to certain "restrictions, limitations and qualifications".... These statutory requirements are positive and substantial in character. It follows, therefore, that if the statement of claim fails to meet the requirements of the statute, the right to the lien is not implemented ... The court cannot assume to arrogate to itself the power to make a lien and thereby to destroy the provisions of the statute.

*E.J. Hollingsworth Co. v. Continental–Diamond Fibre Co.*, 36 Del. 303, 175 A. 266, 268 (1934).

### Mechanic's Lien
### 1992 Statutory Amendments

Prior to 1992, the mechanic's lien statute enumerated ten mandatory requirements for a complaint or statement of claim:

**§ 2712. Requirements of complaint or statement of claim.**

(b) The complaint and/or statement of claim shall set forth:

---

1. A default judgment *in personam* was obtained by Builders' Choice against Richardson in the Superior Court. Richardson is not a party in this appeal.

(1) The name of the plaintiff or claimant;

(2) The name of the owner or reputed owner of the structure;

(3) The name of the contractor and whether the contract of the plaintiff-claimant was made with such owner or his agent or with such contractor;

(4) The amount claimed to be due, the nature and kind of the labor done or materials furnished with a bill of particulars annexed, showing the kind and amount of labor done or materials furnished;

(5) The time when the doing of the labor or the furnishing of the materials was commenced.

(6) The time when the doing of the labor or the furnishing of the materials was finished;

(7) The location of the structure with such description as may be sufficient to identify the same;

(8) That the labor was done or the materials were furnished on the credit of such structure;

(9) The amount of plaintiff's claim (which must be in excess of $25) and that neither this amount nor any part thereof has been paid to plaintiff; and

(10) The amount which plaintiff claims to be due him on each structure.

*See* 25 *Del.C.* § 2712(b) (1989).

In 1992, Section 2712(b) was amended to add an additional requirement that the complaint or statement of claim set forth:

(11) The time of recording of a first mortgage, or a conveyance in the nature of a first mortgage, upon such structure which is granted to secure an existing indebtedness or future advances provided at least 50% of the loan proceeds are used for the payment of labor or materials, or both, for such structure.

25 *Del.C.* § 2712(b) (Supp.1994); 68 *Del. Laws* c. 302, § 3 (1992). The record reflects that Section 2712(b)(11) was enacted as part of a bill which also amended 25 *Del.C.* § 2718(a), which now provides:

(a) Any judgment obtained under a claim made in accordance with this sub-

chapter shall become a lien upon such structure and upon the ground upon which the same is situated, erected or constructed and shall relate back to the day upon which the labor was begun or the furnishing of material was commenced, *or the time immediately following the time of the recording of a first mortgage, or a conveyance in the nature of a first mortgage, upon such structure which is granted to secure an existing indebtedness or future advances provided at least 50% of the loan proceeds are used for the payment of labor or materials, or both, for such structure, whichever shall last occur.*

25 *Del.C.* § 2718(a) (1989 & Supp.1994); 68 *Del.Laws* c. 302, § 2 (1992) (amended portion italicized). The synopsis to the 1992 legislation stated that the purpose of the bill was to "provide that a first mortgage granted to secure a loan to pay the costs of labor or material for a structure shall have priority over a mechanics' lien on such structure regardless of when the work was first commenced or the materials were first furnished."

### *Superior Court Complaint Properly Dismissed*

■ The record reflects that a certified copy of a mortgage encumbering the Venzon property was attached as an exhibit to the affidavit in support of the defendants' motion to dismiss. Typed on the face of the mortgage was the following legend: "FOR AGREEMENT SEE DEED BK. 1841, PG. 280." That cross-reference was a direction to an "AGREEMENT TO EXTEND THE CONSTRUCTION PERIOD AND MODIFICATION OF THE DEED OF TRUST" recorded on November 21, 1994.

The complaint or statement of claim filed by Builders' Choice was silent regarding the existence of any mortgage that might come within the purview of Section 2712(b)(11). In the affidavit of defense, Venzon alleged that this omission was fatal to the Builders' Choice claim for a mechanic's lien. The Superior Court agreed:

The statute does not enlighten one on how a plaintiff, such as Builders' Choice, Inc. in this action, is supposed to know the details

of the first mortgage agreement between the owner and the lender. But I think there is a way to artfully plead on behalf of such a plaintiff in a mechanic's lien action consistent with the "true and correct" requirement. In any event, in this case, there was no attempt to comply with the requirement of 25 *Del.C.* § 2712(b)(11) and the complaint/statement of claim is thus legally deficient.

The Superior Court properly concluded that, despite whatever difficulty may be inherent in determining whether a statutorily defined "construction mortgage" existed on the Venzon real property, some attempt to comply with Section 2712(b)(11) through "artful pleading" was mandated by the 1992 amendments to the mechanic's lien statute. As a matter of procedure, Section 2712(b)(11) of the mechanic's lien statute requires the existence of a first mortgage and the time of its recording to be set forth in the complaint or statement of claim. As a matter of substance, Section 2718(a) gives priority to those first construction mortgages that comport with the statutory definition.

If the claimant cannot conclusively determine whether the first mortgage is a statutorily defined construction mortgage, that encumbrance can be referred to within equivocal terms, e.g., "which may be," in the statement of claim or complaint. For example, the following averment regarding the Venzon mortgage could have been made in the statement of claim:

> The first mortgage lien on the structure executed by defendants Venzon on February 15, 1994, in favor of Loyola Federal Savings Bank in face amount of $118,-000.00, *which may be* a mortgage of the kind. described in 25 *Del.C.* § 2712(b)(11), was recorded at 5:03 p.m. on February 25, 1994, in the Office of the Recorder of Deeds in and for New Castle County, Delaware, in Mortgage Book 3308, Page 165.

Such an "artful pleading" would have comported with the procedural requirements of Section 2712(b)(11). The substantive operation of a first mortgage, for the purpose of Section 2718(a), may only be ascertainable through discovery or after trial.

The validity of a mechanic's lien depends upon an affirmative demonstration that each statutory prerequisite for the creation of such an encumbrance has been followed. *Ceritano Brickwork, Inc. v. Kirkwood Industries, Inc.*, 276 A.2d at 268. It follows that a statement of claim which fails to meet the requirements of the statute is totally insufficient to warrant the entry of a mechanic's lien. *Id.* The mechanic's lien statute mandates that if a first mortgage encumbers the property, it must be identified in the statement of claim or complaint.

### Conclusion

The Superior Court correctly held that the failure of Builders' Choice to even attempt to comply with Section 2712(b)(11) in the statement of claim or complaint was a dispositive defect in its action for a mechanic's lien against the Venzon's real property. The judgment of the Superior Court is affirmed.