# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SC&A CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N12L-09-022 AML |
| | ) | |
| CHARLES POTTER, JR. and | ) | |
| VELDA C. JONES-POTTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: February 23, 2017
Decided: May 31, 2017

## **MEMORANDUM OPINION**

Donald L. Logan, Esquire and Victoria K. Petrone, Esquire, LOGAN & PETRONE, LLC, New Castle, Delaware; *Attorneys for Plaintiff.*

Samuel L. Guy, Esquire, SAMUEL L. GUY, ATTORNEY AT LAW, Wilmington, Delaware; *Attorney for Defendants.*

**LeGROW, J.**

The defendants, homeowners who contracted with the plaintiff for various home improvements, resist entry of a mechanic's lien that the plaintiff seeks based on a judgment the plaintiff obtained in binding arbitration. After a nine-day arbitration proceeding, extensive motion practice in this Court and the Court of Chancery, and two appeals to the Delaware Supreme Court, the defendants continue to advance arguments and claims that previously were rejected in each forum and are barred here under principles of *res judicata*, collateral estoppel, and law of the case.

Although the defendants have employed a "kitchen sink" approach in their arguments before this Court, their basic position is quite simple: a mechanic's lien should not be entered because they are entitled to relitigate their claims against the plaintiff in the hopes of achieving a different result. I disagree; there is no basis on which to defer or deny the relief the plaintiff seeks.

## FACTUAL & PROCEDURAL BACKGROUND

This case's tortured history spans almost five years and includes decisions of at least three judges of this Court, along with a Court of Chancery decision and two Delaware Supreme Court decisions.[1]

---

[1] *See SC&A Constr., Inc. v. Potter (SC&A I)*, 2012 WL 6930317 (Del. Super. Dec. 21, 2012); *SC&A Constr., Inc. v. Dept. of Licenses & Inspections*, 2014 WL 1724846 (Del. Super. Apr. 11, 2014); *SC&A Constr., Inc. v. Potter (SC&A II)*, 2016 WL 70901 (Del. Ch. Jan. 6, 2016); *Potter v. SC&A Constr., Inc. (Potter I)*, 69 A.3d 372 (Del. July 11, 2013) (TABLE); *Potter v. SC&A Constr., Inc. (Potter II)*, 147 A.3d 748 (Del. Sept. 7, 2016) (TABLE).

1

In mid-2011, SC&A Construction, Inc. ("SC&A") was retained to perform various construction services to Charles Potter, Jr.'s and Velda C. Jones-Potter's (the "Potters") home in Wilmington, Delaware. The parties entered into an agreement, dated May 12, 2011 and signed by Mrs. Potter but not Mr. Potter (the "Contract"), whereby SC&A was to oversee certain repair work to the Potters' home. The Contract required mediation in the event a dispute arose between the parties; if mediation was unsuccessful, the parties agreed to resolve the dispute in binding arbitration.[2]

In September 2012, SC&A filed a complaint and statement of a claim *in rem* for a mechanic's lien against the Potters for $61,823.74, which SC&A contended was the unpaid balance under the Contract.[3] The Potters responded by filing a counterclaim *in personam* seeking damages.[4] On November 5, 2012, SC&A moved to dismiss the counterclaim in favor of arbitration.[5] The Potters resisted arbitration on the basis that Mr. Potter was not a signatory to the Contract and therefore could not be compelled to arbitrate. The judge then presiding over the case granted SC&A's motion, dismissing the counterclaim and referring the parties to arbitration.[6] The judge rejected the Potters' argument that the counterclaim was not arbitrable and held that the arbitrator may reach "any issue, including factual

[2] Pl.'s Resp. Br. Ex. A ¶ 21.3.
[3] Compl. ¶ 10.
[4] D.I. 8.
[5] D.I. 14.
[6] *See SC&A I*, 2012 WL 6930317.

2

questions relating to arbitrability based on the partially-signed contract, or otherwise."[7] Although the Potters appealed that decision to the Delaware Supreme Court,[8] the Supreme Court dismissed the appeal as interlocutory.[9] The parties then proceeded to arbitration, where the arbitrator determined the Potters were subject to arbitration.[10]

On May 12, 2014, arbitration proceedings began. The parties conducted a nine-day evidentiary hearing, after which the arbitrator issued an arbitration award in SC&A's favor (the "Arbitration Award"). The arbitrator awarded SC&A $86,544.78, representing the Contract balance and pre-judgment interest, plus post-judgment interest at 1.5% per month beginning October 1, 2014, $10,500.00 in attorneys' fees, and $4,582.26 in costs.[11] The arbitrator rejected the Potters' counterclaim in its entirety.[12]

Contemporaneous with the arbitration proceeding, an administrative proceeding involving the improvements to the Potters' home was taking place before the Licenses and Inspections Review Board (the "Board"). On July 19, 2013, the Board issued a decision, which SC&A appealed. A judge from this Court, but not the judge assigned to the mechanic's lien case, remanded that

---

[7] *Id.* at *2.
[8] D.I. 26.
[9] *Potter I*, 69 A.3d 372.
[10] *See* Pl.'s Resp. Br. Ex. B (Arbitrator's Interim Order, Apr. 11, 2013).
[11] *See* App'x Def.'s Opening Br. A-164 (Arbitration Award).
[12] *Id.*

3

decision back to the Board with instructions to provide a more detailed explanation for the basis of its decision.[13] In its decision on remand, the Board concluded SC&A "performed work on the property without the upgraded permit and the original permit for the lesser amount remains open with L & I given that SC[&]A has not obtained a final [i]nspection nor has it obtained a certificate of completion."[14] The Board held SC&A "must obtain an upgraded permit to include the aforementioned change work orders" and "inspections of all the work as determined by L & I."[15]

On October 1, 2014, SC&A moved in this Court to enter the Arbitration Award as a final mechanic's lien judgment.[16] The Potters opposed that motion.[17] On October 24, 2014, the Court inquired as to why SC&A believed "the on-going administrative proceeding in Wilmington has no bearing on [the] pending motion."[18] Over the next several months, the Court corresponded with the parties regarding that question.[19] On November 10, 2014, the Court stated: "If [SC&A] wants its mechanic's lien, it must show the arbitrator or the [C]ourt that [the Potters] now have all the permits and certificates to which [the Potters], as

---

[13] *Id.* at A-49.
[14] *Id.* at A-50.
[15] *Id.* at A-51.
[16] D.I. 29.
[17] D.I. 31.
[18] D.I. 43.
[19] *See* D.I. 43, 44, 45, 50, 51, 55.

4

[SC&A's] customers and property owners, are entitled."[20]  In a status report responding to the Court's inquiry, SC&A informed the Court that: "Because the Court of Chancery is vested with the authority to confirm arbitration awards, on January 8, 2015, SC&A initiated proceedings in the Court of Chancery to confirm the Arbitrator's Award as a judgment against Charles Potter and Velda Jones-Potter individually."[21]  In response, on February 4, 2015, the Court stated: "If [SC&A] prevails [in the Court of Chancery], this [C]ourt anticipates entering the mechanic's lien judgment as a matter of course.  To the extent they are cognizable, [the Potters'] claims stemming from the permit process are more appropriately addressed by an equity court."[22]  This Court stayed the matter until the Court of Chancery issued its decision on the petition to confirm.[23]

On January 6, 2016, the Court of Chancery confirmed the Arbitration Award.[24]  The Potters appealed that decision to the Delaware Supreme Court, which affirmed the Court of Chancery's decision.[25]

After both the Court of Chancery and Supreme Court proceedings concluded, SC&A wrote to this Court on September 12, 2016, asking the Court to lift the stay and grant its Motion to Enter the Arbitration Award as a Final

---

[20] D.I. 50.
[21] D.I. 51 at 2.
[22] D.I. 52.
[23] D.I. 54.
[24] *SC&A II*, 2016 WL 70901.
[25] *Potter II*, 147 A.3d 748.

Mechanic's Lien Judgment (the "Motion").[26]  The Potters opposed the Motion, contending further proceedings were necessary.[27]  The Court therefore ordered the Potters to provide a detailed explanation as to why final judgment should not be entered and what additional proceedings they contended were necessary.[28]  The parties fully briefed and argued the Motion.

## THE PARTIES' CONTENTIONS

The Potters oppose entry of the mechanic's lien judgment for numerous reasons, some of which they expanded upon during oral argument.  Because the Potters' arguments are disorganized and difficult to decipher, due in no small part to their decision to copy and paste from briefs submitted to other courts, I will describe their arguments in more detail than otherwise would be necessary.

### A. Procedural Deficiencies

First, the Potters argue both general and specific procedural deficiencies preclude this Court from granting the Motion.  Generally, the Potters argue throughout their papers that, for one reason or another, they are entitled to discovery and a trial.[29]  For example, the Potters argue: (1) Mr. Potter is entitled to

---

[26] D.I. 62.

[27] D.I. 64.

[28] D.I. 63 & 65.  The Potters initially submitted a one-page letter referring this Court to certain briefs filed in the Court of Chancery proceedings.  The Court eventually, after several extensions, received briefing from the Potters in which counsel apparently copied and pasted large portions of those Court of Chancery briefs, making it very difficult to determine what arguments the Potters are advancing in this Court.  *See* D.I. 65, 69, 71, 72, 74.

[29] Defs.' Opening Br. 12, 16, 27, 32, 34.

6

litigate in Delaware courts his claim regarding the damage to his home;[30] (2) this Court failed to hold an evidentiary hearing before dismissing their counterclaim and referring the action to arbitration;[31] and (3) they were unable to engage in the "regular activity" associated with mechanic's lien cases, such as amending the pleadings, obtaining discovery, and presenting their claims in trial.[32] The Potters also request leave to amend their answer and affidavit of defense to the claim for the mechanic's lien to include the affirmative defense of setoff.[33] The Potters argue that, because under Superior Court Civil Rule 15, leave to amend a pleading freely shall be given when justice so requires, they should be allowed to amend their answer and affidavit of defense.[34]

In response, SC&A contends that: "discovery" and a "trial" have occurred through the arbitration proceedings; the Potters neither filed a motion to dismiss the mechanic's lien, nor articulated sufficient grounds for dismissing the mechanic's lien; and the Potters have failed to identify any necessary "further

---

[30] *Id.* at 27.

[31] *Id.* at 34. This argument was raised in the "Conclusion" section of their brief and was reiterated during oral argument.

[32] *Id.* at 32. The Potters maintain that some arguments cannot be identified until procedures, such as discovery, are complete, and therefore, "[s]uch a written threat" from the Court (referring to the Court's statement that "[C]ounsel clearly should state precisely what proceedings are needed and why. Failure properly to set forth arguments will constitute waiver.") "is clear evidence of the need to [consider] procedural due process." *Id.*

[33] *Id.* at 25.

[34] *Id.*

proceedings."[35] SC&A maintains that the Potters cannot amend their answer to assert setoff to the mechanic's lien claim because the Arbitration Award resolved that issue (*i.e.*, the Potters' counterclaim) in SC&A's favor.[36] SC&A further maintains that justice does not require allowing the Potters to assert a claim that would be barred.[37]

### B. The Licenses and Inspections Review Board Decisions

The Potters also argue the Board decisions preclude the relief SC&A seeks. According to the Potters, this Court previously denied entry of the mechanic's lien judgment "as a consequence of the . . . Board decision."[38] The Potters maintain this Court's November 10, 2014 statement that SC&A would be required to show the Court or arbitrator the relevant permits and certificates in order to obtain its mechanic's lien, was an "order . . . that no confirmation of the arbitrator's award will issue until the permits and certificates of occupancy issue" and that order "is the law of the case."[39] The Potters argue: "It would be unconscionable to award mechanic[']s lien relief when permits, inspections[,] and certificates" still are not provided, and SC&A "stands in violation of the law as reflected in the [Board] decision."[40] Lastly, the Potters contend "SC&A is collaterally estopped based on

---

[35] Pl.'s Resp. Br. 21-22.
[36] *Id.* at 18.
[37] *Id.* at 19.
[38] Defs.' Opening Br. 23.
[39] *Id.* at 20 & 23.
[40] *Id.* at 13.

the [Board decision] since [SC&A was] a party to this litigation that has become final."[41]

SC&A responds that it is not advancing any factual arguments, so the collateral estoppel argument is inapplicable to SC&A, but in fact applies to the Potters in this instance.[42] SC&A argues the Potters collaterally are estopped from relitigating factual disputes resolved in arbitration simply because they are dissatisfied with the outcome.[43] SC&A maintains all factual issues have been litigated and therefore this Court should enter judgment according to the final disposition of those facts.[44]

SC&A further argues the Department of Licenses & Inspections (the "Department") has the sole and exclusive power to enforce inspections, and the Potters' insistence that this Court take any action other than entering judgment would require the Court to make factual determinations or insert itself into the Department's enforcement domain.[45] Moreover, any dispute as to whether the Contract entitles the Potters to permits or certificates of occupancy is subject to the Contract's binding arbitration clause.[46]

---

[41] *Id.*
[42] Pl.'s Resp. Br. 12.
[43] *Id.* at 14-15.
[44] *Id.* at 14.
[45] *Id.*
[46] *Id.* at 13-14.

SC&A acknowledges that the Court's November 10, 2014 letter stated: "If [SC&A] wants its mechanic's lien, it must show the arbitrator or the [C]ourt that [the Potters] now have all the permits and certificates to which [the Potters] . . . are entitled." SC&A argues, however, that *res judicata* does not apply to the Court's prior statement "because the doctrine applies to an attempt to reconsider legal issues which were previously adjudicated," and SC&A is not seeking reconsideration of anything.[47] SC&A argues that, in response to the November 10, 2014 letter, SC&A provided the Court with a "comprehensive report of its efforts to comply with the L&I directives."[48] Thereafter, this Court responded that if SC&A successfully obtained confirmation of the Arbitration Award in the Court of Chancery, "this [C]ourt anticipates entering the mechanic's lien judgment as a matter of course."[49] SC&A also points out that this Court acknowledged: "To the extent they are cognizable, [the Potters'] claims stemming from the permit process are more appropriately addressed by an equity court."[50]

**C. The Arbitration**

Third, the Potters challenge the Arbitration Award for various reasons.[51] They contend they timely challenged the Arbitration Award and therefore SC&A's

---

[47] *Id.* at 18.

[48] *Id.* at 17.

[49] Pl.'s Resp. Br. 17 (citing D.I. 52).

[50] *Id.* at 18 (citing D.I. 52).

[51] Defs.' Opening Br. 17-22. This section of the Potters' brief is a clear example of the "copy and paste" effect: the Potters refer to equitable doctrines, such as "the clean hands doctrine," and

10

request for final judgment in this Court must be denied.[52] Acknowledging that the 90-day deadline to appeal the Arbitration Award expired on or about December 23, 2014, the Potters argue the pleadings filed in this Court have tolled that deadline and therefore request that the Arbitration Award be vacated.[53] The Potters assert that the responsive pleadings they filed in this Court may be transferred to the Court of Chancery and treated as an appeal of the Arbitration Award.

The Potters also contend, as they have from the outset, that Mr. Potter is not subject to arbitration because he did not sign the Contract[54] or consent to participate in alternative dispute resolution.[55] Additionally, according to the Potters, the arbitrator exceeded his authority in two ways: (1) resolving the arbitrability issue[56] and (2) awarding attorneys' fees, costs, and interest because those items only may be addressed after the following are resolved: the Contract's existence, the legality of the court-ordered arbitration, and the Arbitration Award's legality.[57] The Potters further argue, relying on Court of Chancery authority, that "the Court may vacate an arbitration award" where an arbitrator acts in manifest

---

phrases such as "equitable proceedings," and the parties are referred to as "Petitioner" and "Respondent."

[52] *Id.* at 17.

[53] *Id.* at 17-18.

[54] The Potters also refer to SC&A "fil[ing] . . . a $74,000 contract with the City of Wilmington that did not include an arbitration clause." From what the Court can tell, *see* App'x Def.'s Opening Br. A-15-19, this "contract" is a permit application based on a contract valuation of $74,000.00. This disputed fact is not material to my decision.

[55] Defs.' Opening Br. 27.

[56] *Id.* at 22.

[57] *Id.* at 33.

disregard of the law.[58] The Potters contend the Arbitration Award neither addresses the mechanic's lien claims nor "recites compliance with the required [statutory] elements."[59] Again, the Potters argue they timely plead "these concerns" in this Court, and therefore the arbitrator's errors are exempt from the 90-day deadline.[60]

In response, SC&A argues this Court (i) previously held that Mr. Potter either acquiesced to the Contract or was estopped from denying it and (ii) referred the issue of whether Mr. Potter was subject to arbitration to an arbitrator.[61] According to SC&A, that arbitrator determined that Mr. Potter was bound by the Contract and therefore subject to arbitration.[62] SC&A further argues that, although the Potters claim Mr. Potter did not consent to participate in arbitration, Mr. Potter did participate and pursue his counterclaim in that forum. Furthermore, SC&A argues Mr. Potter did not move to enjoin the arbitration and therefore is "precluded from objecting that a valid agreement was not made."[63]

---

[58] *Id.* at 22.
[59] *Id.* at 12.
[60] *Id.* at 22.
[61] Pl.'s Resp. Br. 19 (citing *SC&A I*, 2012 WL 6930317).
[62] Pl.'s Resp. Br. 19.
[63] *Id.* (citing 10 *Del. C.* § 5703).

12

In addition, SC&A contends principles of *res judicata* bar the Potters' continued challenges to the Arbitration Award.[64] SC&A argues the Court of Chancery already has determined the Potters were time-barred from challenging the Arbitration Award.[65] SC&A further contends the Potters have no further right of review of the Arbitration Award, as the "'legality' of the arbitration and the Arbitration Award have been finally decided."[66] SC&A maintains that the arbitrator awarded attorneys' fees, and therefore the only remaining issue is the amount of interest that will be due at this litigation's conclusion.[67]

### D. The Mechanic's Lien

Fourth, the Potters argue SC&A's complaint and statement of claim for a mechanic's lien cannot be granted because it does not conform to the statutory requirements under Delaware law. The Potters contend that 25 *Del. C.* § 2712(c) provides: "The complaint and/or statement of claim shall be supported by the affidavit of the plaintiff-claimant that the facts therein are true and correct." According to the Potters, they filed an answer denying several paragraphs of the complaint, "resulting in disputes of fact that must be address[ed] at trial after discovery."[68] The Potters argue SC&A has failed to satisfy the statutory

---

[64] SC&A also maintains that, the Potters' argument notwithstanding, the Arbitration Award specifically referenced the pending mechanic's lien claim.

[65] Pl.'s Resp. Br. 16-17.

[66] *Id.* at 21 (citing *SC&A II*, 2016 WL 70901; *Potter II*, 147 A.3d 748).

[67] Pl.'s Resp. Br. 21.

[68] Defs.' Opening Br. 12.

requirements necessary to perfect a mechanic's lien because the Potters have created a factual dispute regarding three of the eleven elements required under the statute: (i) the amount claimed to be due, (ii) the time the work began, and (iii) the time the work finished.[69] The Potters contend the amount claimed is disputed because the "asserted $74,000 contract is not of record," Mr. Potter did not sign the Contract, and the Board decisions preclude entry of a mechanic's lien.[70] The Potters also contend that dates SC&A commenced and finished its labor are disputed because neither is "authorized without permits, inspections, and certificates of occupancy."[71]

SC&A agrees that 25 *Del. C.* § 2712(c) requires that a mechanic's lien complaint be supported by an affidavit from the plaintiff-claimant stating the facts

---

[69] *Id.* at 31. Section § 2712(b)(4)-(6), upon which the Potters rely, states:

(4) The amount claimed to be due, and, if the amount is not fixed by the contract, a statement of the nature and kind of the labor done or materials furnished with a bill of particulars annexed, showing the kind and amount of labor done or materials furnished or construction management services provided; provided, that if the amount claimed to be due is fixed by the contract, then a true and correct copy of such contract, including all modifications or amendments thereto, shall be annexed;

(5) The time when the doing of the labor or the furnishing of the materials was commenced;

(6) The time when the doing of the labor or the furnishing of the material or the providing of the construction management services was finished, except that:

a. With respect to claims on behalf of contractors covered by § 2711(a) of this title, the date of the completion of the structure, including a specification of the act or event upon which the contractor relies for such date, and

b. With respect to claims on behalf of other persons covered by § 2711(b) of this title, the date of completion of the labor performed or of the last delivery of materials furnished, or both, as the case may be, or a specification of such other act or event upon which such person relies for such date.

[70] Defs.' Opening Br. 31.

[71] *Id.*

14

therein are true and correct. SC&A contends it submitted such an affidavit, from SC&A's President, in support of its mechanic's lien complaint, and therefore SC&A satisfied the statutory requirement.[72] SC&A further contends that, although the Potters' answer contains denials, this does not render SC&A's affidavit defective.

SC&A maintains that all the factual disputes the Potters identified, including those relating to the statutorily-required elements, were resolved by the arbitrator.[73] SC&A contends no material factual disputes remain because all material facts were resolved in arbitration, and the Court of Chancery confirmed the resulting Arbitration Award, which the Delaware Supreme Court affirmed.[74] SC&A therefore argues that because there are not, and cannot be, disputed material facts, it is entitled to entry of judgment.[75]

## ANALYSIS

Although the parties dispute whether summary judgment may be entered, they agree that the summary judgment standard is applicable in this case.[76] It is

---

[72] Pl.'s Resp. Br. 10 (citing D.I. 1).
[73] Pl.'s Resp. Br. 20.
[74] *Id.* at 15.
[75] *Id.* at 20-21 (citing *Iannotti v. Kalmbacher*, 156 A. 366, 367 (Del. Super. 1931)).
[76] *See* Defs.' Opening Br. 16; Pl.'s Resp. Br. 15.

15

SC&A's burden to show that no genuine issue as to any material fact exists and that SC&A is entitled to judgment as a matter of law.[77]

### A. This Court may not, and will not, revisit arbitrability or the Arbitration Award.

As this Court previously stated, it will not review the arbitrator's decision.[78] Only the Court of Chancery has jurisdiction to vacate or confirm an arbitrator's award.[79] Despite the Potters' continued challenges to the Arbitration Award, I cannot, and will not, revisit the issue. I therefore will not address: (i) whether Mr. Potter is subject to arbitration; (ii) whether the arbitrator exceeded the scope of his authority in arbitrating the claims or awarding interest, attorneys' fees, or costs; (iii) whether the Potters timely challenged the Arbitration Award; or (iv) whether the pleadings filed in this Court should be or should have been transferred to the Court of Chancery.

To the extent the Potters contend this Court erred in dismissing the counterclaim in favor of arbitration, that issue has been preserved for appeal.[80] Once this action is resolved, and this Court has issued a final order, the Potters are

---

[77] *See* Super. Ct. Civ. R. 56(c); *Lecates v. Hertrich Pontiac Buick Co.*, 515 A.2d 163, 165 (Del. Super. 1986).
[78] D.I. 50.
[79] 10 *Del. C.* § 5702 (a); 10 *Del. C.* § 5714 (a).
[80] *See Potter I*, 69 A.3d 372; *SC&A II*, 2016 WL 70901, at *1 n.4.

16

free to renew such a challenge to the Delaware Supreme Court. That decision, however, is the law of the case in this Court and will not be revisited here.[81]

## B. The procedural deficits the Potters identify do not bar judgment in this case.

The Potters' claims regarding the right to discovery and a trial have no merit. As determined on numerous occasions previously, and again above, the Potters are bound by the Contract in which they consented to have their disputes resolved in binding arbitration instead of traditional litigation with all its associated "regular activity." The Potters engaged in those arbitration proceedings, which included the opportunity to present evidence during nine days of hearings. The Potters do not get a do-over here; to permit proceedings on "setoff," the amount of the Contract, the scope or timing of the work, or any other "factual disputes" the Potters identify, would contravene both the arbitration clause in the Contract and principles of *res judicata* and collateral estoppel.

Likewise, the Potters' claims relating to the Board decisions do not preclude this Court's entry of judgment. As this Court previously stated, to the extent the

---

[81] *Frank G.W. v. Carol M.W.*, 457 A.2d 715, 718-19 (Del. 1983) (citations omitted) ("[W]e want to emphasize that we take a dim view of a successor judge in a single case overruling a decision of his predecessor. . . . An extended view of the doctrine of the law of the case normally requires that matters previously ruled upon by the same court be put to rest. . . . When a successor judge enters onto the scene, however, additional considerations for adherence to prior rulings come into play.").

17

Potters' claims stemming from the Board decisions are cognizable, those claims "are more appropriately addressed by an equity court."[82]

As for the Potters' request to amend their answer and affidavit of defense, the setoff issue was resolved by the arbitrator through the Potters' counterclaim. In light of my ruling regarding the arbitration proceedings, the Potters' request to amend their answer and affidavit of defense is **DENIED** as futile.

### C. The statutory arguments the Potters advance do not preclude entry of the mechanic's lien as a final judgment.

The Potters argue that SC&A's statement of claim does not strictly comply with the requirements for pleading a mechanic's lien under 25 *Del. C.* § 2712. Although the Potters do not allege that the statement fails for specificity, they argue that the specified facts are in dispute. To be precise, the Potters disagree with the averments regarding (1) the amount claimed because the $74,000.00 contract is not "of record," and (2) the commencement and finishing times because of the Board decisions.

"The validity of a mechanic's lien depends on an affirmative demonstration that each statutory prerequisite for the creation of such an encumbrance has been followed."[83] Delaware law is well-settled that "the mechanic's lien statute must be

---

[82] D.I. 52.
[83] *Builders' Choice, Inc. v. Venzon*, 672 A.2d 1, at *4 (Del. 1995).

18

'strictly construed and pursued.'"[84]  Strict construction, however, does not require unreasonable construction of the statute.[85]

The Court disagrees with the Potters' assertion that the facts relating to Section 2712(b)(4)-(6) remain in dispute. An arbitrator found in SC&A's favor and issued the Arbitration Award based on the facts found by the arbitrator. That award was confirmed by the Court of Chancery and affirmed by the Delaware Supreme Court. I therefore see no reason for this Court not to enter final judgment based on the same facts. That the Potters refuse to accept those adjudicated facts does not make them material factual disputes precluding entry of judgment in SC&A's favor.

## CONCLUSION

For the foregoing reasons, SC&A's Motion to Enter the Arbitration Award as a Final Mechanic's Lien Judgment is **GRANTED**, and the Potters' request to amend their answer and affidavit of defense is **DENIED**. SC&A **SHALL** submit a proposed form of order within **FIVE** days of the date of this Decision.

---

[84] *Id.* (quoting *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.*, 276 A.2d 267, 268 (Del. 1971)).

[85] *Joseph Rizzo & Sons v. Christina Momentum, L.P.*, 1992 WL 51850, at *5 (Del. Super. Feb. 21, 1992) ("The mechanics' lien provisions should be strictly, but not unreasonably construed.").

19