**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JACQUIE LEWANDOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-01-337 AML |
| | ) | |
| CITY OF WILMINGTON, | ) | |
| a municipal corporation under the | ) | JURY TRIAL DEMANDED |
| laws of the State of Delaware, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 21, 2017
Decided: July 31, 2017

## ORDER

**Defendant's Motion to Dismiss: GRANTED**

1. The plaintiff fell in a city park when her shoe got caught on what remained of a bench that had been removed from the sidewalk. The city now moves to dismiss the personal injury action the plaintiff brought against it, arguing it is immune from this type of action. The plaintiff asserts that even if immunity applies, she still is entitled to information relating to who removed the bench, specifically whether it was the defendant's employees or independent contractors. The pending motion requires this Court to determine whether the defendant is immune from suit and, if so, whether the defendant nonetheless should be required to provide to the plaintiff the information she seeks. I conclude the defendant is

immune from the plaintiff's claim, and the defendant is not required to provide the plaintiff discovery. My reasoning follows.

**BACKGROUND**

2. On or about January 21, 2015, the plaintiff, Jacquie Lewandowski, was walking through Rodney Square toward a bus stop. While walking, "her shoe caught on an underpinning of what appeared to be a bench that had been taken out of the sidewalk."[1] She fell face-down on the concrete and sustained physical injuries to her neck, back, hand, thumb, leg, knee, right elbow, and right shoulder.[2]

3. Ms. Lewandowski filed against the defendant, the City of Wilmington (the "City"), a tort action, which the City moved to dismiss (the "Motion"). The parties fully briefed the Motion.

4. Ms. Lewandowski alleges the City (1) left the bench's underpinnings on the sidewalk for "an appreciable amount of time"; (2) did "no work . . . to relieve the underpinnings until after [she] fell"; and (3) provided "no warning signs that the underpinnings" remained on the sidewalk.[3] Ms. Lewandowski alleges, in the alternative, that the City hired an independent contractor to remove the bench and the "independent contractor left the underpinnings there for an appreciable amount of time without any type of notice to pedestrians."[4] The City maintains

---

[1] Compl. ¶ 3.
[2] *Id.* at ¶¶ 3 & 7.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 5.

2

Ms. Lewandowski's claim is barred by the Municipal Tort Claims Act (the "Act").[5] The City seeks dismissal under Superior Court Civil Rule 12(b)(6), arguing Ms. Lewandowski is not entitled to recover because, under Section 4011 of the Act, the City "shall not be liable for any claim which results from: any defect [or] lack of repair . . . in any highway, townway, [or] sidewalk."[6]

## ANALYSIS

5. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court (1) "accept[s] all well pleaded factual allegations as true, . . . even vague allegations . . . if they give the opposing party notice of the claim"; (2) "draw[s] all reasonable inferences in favor of the non-moving party"; and (3) does not grant the motion if the plaintiff would be "entitled to recover under any reasonably conceivable set of circumstances."[7]

### A. The City is entitled to immunity under the Act.

6. Ms. Lewandowski acknowledges the "high burden" she must meet under the Act in order to sue the City,[8] but she argues the City is not entitled to immunity for three reasons. First, Ms. Lewandowski contends the facts here do not fall within any of the activities listed in Section 4011, although she recognizes the statute's enumerated list offers examples, which "shall not be interpreted to

---

[5] Def.'s Mot. Dismiss ¶ 4 (citing 10 *Del. C.* §§ 4010-4013).
[6] *Id.* at ¶ 4 (citing 10 *Del. C.* § 4011(b)(6)).
[7] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002)).
[8] Pl.'s Resp. Br. ¶ 1 (citing 10 *Del. C.* § 4011).

3

limit the general immunity provided by [Section 4011]."[9] Second, Ms. Lewandowski argues she has not found caselaw specifically dealing with her scenario – where the City affirmatively acted to create a hazard – and therefore Section 4011 does not apply to her complaint.[10] Third, Ms. Lewandowski argues her claim falls under 10 *Del. C.* § 4012(2), which carves out an exception to the immunity the Act creates.[11] Section 4012(2) provides:

> A governmental entity shall be exposed to liability for its negligent acts or omissions causing . . . bodily injury . . . in the . . . construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

According to Ms. Lewandowski, although Rodney Square can be used in connection with public outdoor recreation, it is the City of Wilmington's transportation hub, and therefore it is a "public facility that was not used in connection with a public outdoor recreation."[12]

7. The City responds that Ms. Lewandowski cannot recover because, as she "appears to concede[,] her argument is contrary to the clear language of the

---

[9] Pl.'s Resp. Br. ¶ 2 ("[P]laintiff is aware of the paragraph right below the sixth immunity.").
[10] *Id.* at ¶ 4.
[11] Although Plaintiff cites to § 4102, the Court assumes the intended Section is 4012.
[12] Pl.'s Resp. Br. ¶ 3.

statute," which states that it is not intended to limit immunity.[13] Likewise, the City argues the distinction between the City "affirmatively acting" and "failing to repair" is contrary to Section 4011(b)'s language. Finally, the City maintains Section 4012(2) is applicable to "public buildings;" Rodney Square is a park, not a public building; the sidewalk abutting Rodney Square is not an appurtenance to a public building; and even if Section 4012(2)'s exception applied to these facts, the exception to that exception maintains the City's immunity.[14]

8. The Act affords "all governmental entities and their employees" immunity "from suit on any and all tort claims seeking recovery of damages."[15] In addition, the Act specifically provides "a government entity shall not be liable for any damage claim which results from: . . . [a]ny defect, lack of repair or lack of sufficient railing in any highway, townway, sidewalk."[16] Ms. Lewandowski has brought a tort claim against the City for injuries allegedly resulting from the government entity's failure to remove the remaining pieces of a bench from a sidewalk. Under the Act, that claim is barred.

9. Ms. Lewandowski's effort to exempt application of the Act to her particular factual scenario requires an interpretation of the Act that cannot

---

[13] Def.'s Reply Br. ¶ 2 (citing 10 *Del. C* § 4011(b) ("Paragraphs (b)(1) to (6) of this section to which immunity applies are cited as examples and shall not be interpreted to limit the general immunity provided by this section.")).

[14] Def.'s Reply Br. ¶¶ 4 & 5 (citing *Heaney v. New Castle Cty.*, 1993 WL 331099, at *2 (Del. Super. July 8, 1993), *aff'd*, 672 A.2d 11 (Del. 1995) and various dictionary definitions of "park").

[15] 10 *Del. C.* § 4011(a).

[16] *Id.* § 4011(b)(6).

withstand even light scrutiny. First, even if the alleged actions did not fit within the activities enumerated in the statute, Section 4011(b) is not an exhaustive list of the activities for which local government entities are immune.[17] Second, Ms. Lewandowski's argument distinguishing between affirmative conduct and passive failure to act creates a distinction directly at odds with the statute. Section 4011(b) immunizes governmental entities for any damages resulting from both "the undertaking or failure to undertake" and "the performance or failure to exercise or perform."[18] Lastly, Section 4012(2)'s exception does not apply here. That Section narrowly applies to negligent acts or omissions in the construction, operation, or maintenance "of any public building or the appurtenances thereto . . . ."[19] Ms. Lewandowski has made no allegations that her injuries were sustained as a result of the construction, maintenance, or operation of a "building" or that the sidewalk in Rodney Square is the appurtenance to a public building. Ms. Lewandowski's assertion that a bus stop is a "facility" and therefore akin to a public building is not a plausible reading of the statute. That argument would require the Court to read Section 4012(2) as exposing the City to liability for the construction, operation, or maintenance of all public buildings, structures, facilities, or equipment except those used primarily for outdoor recreation. That interpretation would allow the

---

[17] *Heaney*, 1993 WL 331099, at *2 ("In subsection (b) of § 4011, there are enumerated six examples of the range of activities for which local government entities are immune. However, the same subsection provides that the list is inclusive not exclusive.").
[18] 10 *Del. C.* § 4011(b) (1)-(3).
[19] *Id.* § 4012(2).

exception to swallow the rule. More fundamentally, the immunity created by Section 4011(b) applies "notwithstanding Section 4012."[20] Section 4012 therefore does not apply, and Ms. Lewandowski's claim is barred.

**B. The City is not required to engage in discovery.**

10. If the Motion is granted, Ms. Lewandowski alternatively seeks an order requiring the City to provide information regarding the employees or independent contractors involved in removing the bench. Ms. Lewandowski asserts the City has been unwilling to provide any information on the topic, and there is no other way for her to obtain this information.[21] The City argues it is not required to provide Ms. Lewandowski with what constitutes pre-litigation discovery to assist her in determining against whom to bring suit.[22] The City contends that filing a properly supported motion to dismiss entitles it to be free from suit and the associated burdens of litigation. Having granted the City's Motion dismissing Ms. Lewandowski's claim, there is no basis in the Court's rules to afford Ms. Lewandowski "discovery," particularly where no discovery requests appear on the Court's docket.[23]

---

[20] *Id.* § 4011(b).
[21] Pl.'s Resp. Br. ¶ 5.
[22] Def.'s Reply Br. ¶ 6.
[23] This conclusion might have been different had Ms. Lewandowski filed discovery requests with her complaint.

7

For the foregoing reasons, the City's Motion to Dismiss is **GRANTED**, and Ms. Lewandowski's request that the Court require the City to provide additional information regarding the removal of the bench is **DENIED**.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Michael J. Hood, Esquire
        Rosamaria Tassone-DiNardo, Esquire