# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GRAY'S LANDING
DEVELOPMENT, LLC,

        Plaintiff,

        v.

BLACKSTON COVE
DEVELOPMENT, LLC,

        Defendant,

        and

DELVA SOLUTIONS, LLC,

        Intervenor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N22L-06-018 JRJ

## MEMORANDUM OPINION

Date Submitted:    February 6, 2023
Date Decided:      March 21, 2023

*Upon Consideration of Defendant Blackston Cove Development, LLC's Motion to Dismiss Count I,*
**GRANTED.**

*Upon Consideration of Intervenor Delva Solutions, LLC's Motion to Dismiss,*
**MOOT.**

*Upon Consideration of Plaintiff Gray's Landing Development, LLC's Motion to Strike,*
**MOOT.**

Phillip A. Giordano, Esquire, and Madeline R. Silverman, Esquire, Gordon, Fournaris & Mammarella, P.A., 1925 Lovering Avenue, Wilmington, Delaware 19806, Attorneys for Plaintiff.

William J. Rhodunda, Jr., Esquire, and Nicholas G. Kondraschow, Esquire, Rhodunda Williams & Kondraschow, 1521 Concord Pike, Suite 205, Wilmington, Delaware 19803, Attorneys for Defendant.

John H. Newcomer, Jr., Esquire, Morris James, LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attorney for Intervenor.

**Jurden, P.J.**

# I.     INTRODUCTION

Before the Court is a dispute between Plaintiff Gray's Landing Development, LLC ("Plaintiff") and Defendant Blackston Cove Development, LLC ("Defendant"). The parties entered into an agreement under which Plaintiff would provide labor, services, equipment, and materials for the development of property owned by Defendant. Plaintiff alleges that Defendant has since refused to pay for materials supplied and services rendered. Accordingly, Plaintiff filed a Complaint and Statement of Claim for Mechanic's Lien seeking *in rem* and *in personam* judgments against Defendant. Defendant filed a Motion to Dismiss, arguing that Plaintiff's Statement of Claim for Mechanic's Lien fails to comply with the statutory requirements of 25 *Del. C.* § 2701, *et seq.*[1] In response, Plaintiff filed a Motion to Strike, and Intervening party Delva Solutions, LLC ("Intervenor") filed a subsequent Motion to Dismiss. For the reasons that follow, Defendant's Motion to Dismiss Count I is **GRANTED**, Plaintiff's Motion to Strike is **MOOT**, and Intervenor's Motion to Dismiss is **MOOT.**

---

[1] Defendant's Motion to Dismiss addresses only Count I of Plaintiff's Complaint.

## II. BACKGROUND

### A. Facts[2]

#### 1. The Parties

Plaintiff is a Delaware limited liability company with its principal place of business located in Townsend, Delaware.[3]  Plaintiff's sole member and registered agent is Zachery J. Pearce.[4]  Defendant is also a Delaware limited liability company with its principal place of business in Townsend, Delaware.[5]  Aravindan Pratapagiri and Zachery J. Pearce are coequal managing members of Defendant.[6]  Mr. Pearce is Defendant's registered agent.[7]  Intervenor, also a Delaware limited liability company, holds a mortgage on Defendant's property[8] in the amount of $561,730.00.[9]  Intervenor's mortgage was recorded at the Recorder of Deeds in New Castle County on September 2, 2020.[10]

---

[2] The facts are drawn from Plaintiff's Complaint and Statement of Claim for Mechanic's Lien, exhibits attached thereto, Bill of Particulars, and Affidavit.  *See Windsor I, LLC v. CW Capital Asset Mgmt. LLC*, 238 A.3d 863 (Del. 2020)(On a 12(b)(6) motion to dismiss, the Court must limit its analysis to only the facts in the complaint and any attached documents that are considered integral to the claim.).

[3] Pl.'s Compl. ¶ 1, Trans. ID 67706413.

[4] *Id.*

[5] *Id.* ¶ 2.

[6] *Id.* ¶¶ 2, 10.

[7] *Id.* ¶ 2.

[8] Intervenor holds a mortgage on Lot 14.  IDG2, LLC and Enlight Solutions, LLC hold a mortgage on Lots 1–13.  *Id.* ¶ 11; *see also* Ex. D to Pl.'s Compl., Trans. ID 67706413.

[9] Pl.'s Compl. ¶ 11.

[10] *Id.*

2. The Property

The property at issue, in this case, is presently identified as Tax Parcel No. 14-006.43-023 (the "Property").[11]  The Property is located in New Castle County, Delaware, and can be found at Lot 14 of the Blackston Cove subdivision, 5482 Summit Bridge Road, Townsend, DE 19734.[12]

3. The Agreement

In August 2020, Plaintiff and Defendant entered into an agreement (the "Agreement") whereby Defendant agreed to retain Plaintiff as a general contractor "to furnish labor, services, equipment and/or materials required" for the Property.[13] The purpose of the Agreement was to further the parties' shared interest in "developing real estate in Delaware . . . and completing the Blackston Cove subdivision development project."[14]  Both parties undertook roles in furtherance of this objective: Plaintiff as the contractor and Defendant as the financier.[15]  Plaintiff alleges that it began furnishing labor and materials for the Property on or about August 10, 2020.[16]  Plaintiff claims it last supplied materials and labor to the Property on January 26, 2022,[17] and alleges that construction is incomplete.  The last

---

[11] *Id.* ¶ 2.  Prior to being subdivided, the Property was part of a parcel formerly identified as Tax Parcel No. 14-006.00-012.
[12] *Id.*
[13] *Id.* ¶¶ 4-5.
[14] *Id.* ¶ 4.
[15] Pl.'s Compl. ¶¶ 4-5.
[16] *Id.* ¶ 6.
[17] *Id.* ¶ 7.

invoice for materials and labor reflects a payment due by Defendant in the amount of $301,207.84.[18] Plaintiff alleges that it "furnished the labor and materials on the credit of the Property and Structure," and to date, it has not received any portion of that balance from Defendant.[19]

## B.    Procedural History

On June 8, 2022, Plaintiff filed a "Complaint and Statement of Claim for Mechanic's Lien" seeking a mechanic's lien on the Property (Count I or "Statement of Claim") and *in personam* judgments against Defendant for breach of contract (Count II) and unjust enrichment (Count III).[20] In support of its Statement of Claim, Plaintiff also filed a Bill of Particulars and a signed affidavit.[21] On August 1, 2022, Defendant filed a Motion to Dismiss Count I ("Motion"), arguing that Plaintiff is ineligible for relief under the mechanic's lien statute because its Statement of Claim fails to comply with the requirements of 25 *Del. C.* § 2712 for asserting a mechanic's lien and because Plaintiff is not a licensed contractor.[22] On August 4, 2022, Intervenor filed a Motion to Intervene as a party with a material interest in the

---

[18] *Id.* ¶ 8.

[19] *Id.* ¶ 10.

[20] *See generally id.*

[21] *See generally* Pl.'s Bill of Particulars, Trans. ID 67706413; Pl.'s Aff., Trans. ID 67706413. The purpose of the affidavit is to certify that the facts asserted in the Statement of Claim and Bill of Particulars are true and correct. 25 *Del. C.* § 2712(c).

[22] Def.'s Mot. to Dismiss., Trans. ID 67888858. Defendant makes no argument with regard to Counts II and III of Plaintiff's Complaint. The Court will treat those arguments as waived. *See Emory Hill & Co. v. Mrfruz LLC*, 2013 WL 5347519, at *8 (Del. Super. Sept. 24, 2013)(citing *Novkovic v. Paxon,* 2009 WL 659075, at *3 (Del. Super. Mar. 16, 2009)).

disposition of the Property.[23]  As an existing lienholder, Intervenor was concerned that its priority would be affected if Plaintiff were to obtain a mechanic's lien.[24] Accordingly, Intervenor filed a Motion to Dismiss Plaintiff's Count I, adopting Defendant's bases for dismissal and raising a new ground: insufficient process under Rule 4(f)(4) of the Superior Court Rules of Civil Procedure.[25]  The Court granted Intervenor's motion to intervene on September 9, 2022.[26]  Plaintiff filed its "Motion to Strike and/or Response to Motion to Dismiss" on September 20, 2022, arguing that Defendant was not authorized to file its Motion.[27]

### III.    STANDARD OF REVIEW

Under Superior Court Rule 12(b)(6), the Court may dismiss an action for failure to state a claim upon which relief can be granted.[28]  The Court will accept all well-pleaded allegations as true and draw every reasonable factual inference in favor of the nonmoving party.[29]  On a motion to dismiss under Rule 12(b)(6), the Court will dismiss a complaint only if it appears "with reasonable certainty that, under any

---

[23] *See* Intervenor's Mot. to Intervene, Trans. ID 67902694.
[24] *Id.*
[25] Ex. A to Intervenor's Mot. to Intervene (hereinafter Intervenor's Mot. to Dismiss); *see generally* Super. Ct. Civ. R. 4(f)(4):
> Not later than ten (10) days following the filing of an action begun by scire facias, the plaintiff, or his counsel of record, shall send by certified mail, postage prepaid, return receipt requested, to holders of liens on the real estate which is the subject of such action . . .
[26] Order Granting Intervenor's Mot., Trans. ID 68076478.
[27] Pl.'s Resp. ¶ 1, Trans. ID 68132370.
[28] Super. Ct. Civ. R. 12(b)(6).
[29] *Id.*

set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief."[30]

## IV. DISCUSSION

### A. Count I. Plaintiff's Statement of Claim for Mechanic's Lien.

Under 25 *Del. C.* § 2712, anyone seeking to assert a mechanic's lien must comply with the requirements set forth in the statute.[31]  The right to a mechanic's lien is a remedy "in derogation of the common law, [and thus,] it must be strictly construed . . . ."[32]  A claimant must affirmatively demonstrate compliance with each statutory requirement; therefore, "a statement of claim which fails to meet the requirements of the statute is totally insufficient to warrant the entry of a mechanic's lien."[33]

1. Plaintiff's Statement of Claim is deficient under 25 *Del. C.* § 2712(c).

Under 25 *Del. C.* § 2712(c), a "statement of claim shall be supported by the affidavit of the plaintiff-claimant that the facts therein are true and correct."[34]  Here, Plaintiff's affidavit states, "the facts and allegations set forth therein are true and

---

[30] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).
[31] *N. Star, Inc. v. Tropea Bldg. Contractor, LLC*, 2009 WL 2963771, at *2 (Del. Super. Sept. 16, 2009.
[32] *Erosion Control Specialists, Inc. v. Hyetts Corner, LLC*, 2020 WL 1129957, at *2 (Del. Super. Mar. 6, 2020) (*quoting Dep't of Cmty. Affs. & Econ. Dev. v. M. Davis & Sons, Inc.*, 412 A.2d 939, 942 (Del. 1980)).
[33] *Builder's Choice, Inc. v. Venzon*, 672 A.2d 1, at 4 (Del. 1995).
[34] 25 *Del. C.* § 2712(c).

correct *to the best of [Plaintiff's] knowledge.*"[35]  Defendant argues that Plaintiff's Statement of Claim should be dismissed because the qualifying phrase "to the best of his knowledge"[36] creates a fatal defect.[37]  Ignoring Defendant's argument, Plaintiff suggests, without support, that it *has* complied with Section 2712(c) because "the Bill of Particulars is separately verified with no qualifying language."[38]

In *Atlantic Millwork Corp. v. Harrington*,[39] the plaintiff asserted that the facts alleged were "true and correct to the best of my knowledge" rather than averring that the facts alleged were "true and correct."[40]  The Court dismissed the complaint holding that the mechanic's lien statute is subject to strict construction, and the inclusion of such qualifying language constitutes a fatal defect.[41]  Because the averment in Plaintiff's affidavit fails to comply with the requirements set forth in 25

[35] Pl.'s Aff. ¶ 2 (emphasis added).

[36] Def.'s Mot. to Dismiss ¶ 6.

[37] *Id.* (citing *Atl. Millwork Corp.*, 2002 WL 31045223).

[38] Pl.'s Resp. ¶ 8.  Without addressing whether the appearance of the language required by § 2712(c) in a part of the pleadings other than the mandated affidavit would be sufficient to cure a defect, the Court notes that Plaintiff's Bill of Particulars is "verified" only in that it bears Plaintiff's notarized signature.  It does not certify that the facts asserted in the Statement of Claim and Bill of Particulars are "true and correct" as required by § 2712(c).

[39] 2002 WL 31045223, at *2 (Del. Super. Sept. 12, 2002)

[40] *Id.* at *2 (internal citations omitted).

[41] *Id.* at *3; *see also Builder's Choice, Inc.*, 1995 WL 264593, at *1, *aff'd,* 672 A.2d 1 (Del. 1995) (finding the plaintiff's complaint legally insufficient due to the use of the qualifying phrase "to the best of her knowledge, information and belief"); *Constr. by Franco v. Reed*, 1994 WL 750306, at *2 (Del. Super. Dec. 12, 1994) (granting the defendant's motion to dismiss because the plaintiff did not strictly adhere to the requirements of the statute and certified that the facts stated in the complaint were "true and correct *to the best of his knowledge and belief*")(emphasis in original)).

*Del. C.* § 2712(c), Plaintiff's Statement of Claim is legally deficient for the purposes of asserting a mechanic's lien.[42]

Plaintiff requests leave to amend its affidavit to the extent the Court finds it insufficient.[43]  Plaintiff cites several cases in support of its request, but none of these cases address section 2712(c),[44] and the two cases that do mention amending an "affidavit" are not on point.[45]  Delaware Courts are steadfast on this issue: "mechanic's lien affidavits are to be narrowly construed and not later amended."[46]

Plaintiff's Count I, the Statement of Claim for Mechanic's Lien, must be dismissed because it does not strictly comply with 25 *Del. C.* § 2712(c).  This deficiency alone is enough to warrant dismissal;[47] thus, the Court will not consider

---

[42] *See Atl. Millwork Corp.*, 2002 WL 31045223, at *3; *Builder's Choice, Inc.*, 1995 WL 264593, at *1; *Constr. by Franco v. Reed*, 1994 WL 750306, at *2.

[43] Pl.'s Resp. ¶ 10.

[44] *See ITEC Drywall, LLC*, 2021 WL 3783645, at *3 (permitting the plaintiff to amend its bill of particulars for the "sole[] . . . purpose of providing sufficient detail" as to how the amount claimed was determined); *Pearce & Moretto, Inc.*, 2020 WL 532748, at *3 (speaking to a deficiency under 25 *Del. C.* § 2703, the Court stated that after the time for filing a statement of claim has expired, the Court will only permit amendments that do not change the "substantive nature of the claim"); *Bath/Kitchen*, 2010 WL 893783, at *2 (allowing the plaintiff to amend its bill of particulars to assist in the parties' understanding).

[45] *N. Star, Inc.*, 2009 WL 2963771, at *2 (allowing the plaintiff to amend its second amended complaint where it had failed to include an affidavit because its original complaint complied with the statute, and the Court considered it an amendment to the complaint, not the affidavit itself); *Miller*, 239 A.2d, at 698 (granting the defendant leave to amend its responsive pleading: an affidavit of demand, not a supporting affidavit).

[46] *Am. E. Explosives, Inc. v. E. States Dev. Co., Inc.*, 2001 WL 492074, at *2 (Del. Super. Apr. 27, 2001).

[47] *See, e.g.*, *Atl. Millwork Corp.*, 2002 WL 31045223, at *3.

Defendant's other arguments. Accordingly, Defendant's Motion to Dismiss Count I is **GRANTED**.

**B.      Intervenor's Motion to Dismiss and Plaintiff's Motion to Strike**

Because the Court grants Defendant's Motion, Intervenor's Motion to Dismiss and Plaintiff's Motion to Strike are **MOOT**.

## V.      CONCLUSION

Accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds Plaintiff has failed to comply with the mechanic's lien statute and has therefore failed to state a claim upon which relief can be granted. Accordingly, Defendant Blackston Cove Development, LLC's Motion to Dismiss Count I is **GRANTED**, Intervenor's Motion to Dismiss is **MOOT**, and Plaintiff's Motion to Strike is **MOOT**.

**IT IS SO ORDERED.**

_____/s/ Jan R. Jurden_____

Jan R. Jurden, President Judge

cc: Prothonotary